GREEN & CO vs. P., W. & KY. R. R. CO.

Decided November 17, 1877.

1877.
Special Term.

1. When the record of the proceedings in a cause, (being an action of *assumpsit*), at a term at which there was a trial by jury, shows that after the jury was duly impanneled and sworn, the defendant filed a demurrer to the plaintiffs' evidence given in the cause, and that the defendant, joined in such demurrer, before verdict; and that the jury found a verdict for plaintiff, and assessed the damages, which verdict was unconditional upon its face, such verdict will be held to be conditional and subject to the opinion and judgment of the court upon the demurrer to the evidence.

2. When there is a demurrer to the evidence, an unconditional verdict on its face, by the jury, is not error, provided the demurrer to the evidence be afterward passed upon and determined by the court; but it is error in the court to render judgment upon the verdict of the jury in such case regardless of, and without determining, the demurrer to the evidence.

3. Where the verdict of the jury is conditional and subject to the opinion and judgment of the court upon a demurrer to the evidence, it (the verdict) continues conditional, until proper action of the court is taken upon the demurrer, and judgment is rendered; or it is set aside.

4. Where the record of the proceedings in the cause, as entered at different terms of the court, is contradictory apparently, as to whether a demurrer to the evidence had been filed by the defendant, and joinder therein by the plaintiff, before the jury rendered their verdict in the cause, which is unconditional upon its face; and it is clearly deducible from the whole record relating thereto, that the verdict of the jury was found with the understanding and belief of the court, the parties, their counsel and the jury, that the defendant had filed a demurrer to the evidence, and the plaintiff had joined therein:

1877.
Special Term.

Green & Co.
v.
P., W. & Ky. R.
R. Co.

the verdict of the jury in such case, though unconditional on its face, will be held to be conditional, and as having been rendered subject to a demurrer to the evidence.

5. The disposition made of such a case as last above referred to by the appellate court. (See opinion of the Court).

6. Generally the judgment of a court is under and subject to its control during the term at which it is rendered, and it may set the judgment aside, at any time before the end of the term without notice ; but when that term ends, such judgment becomas final and passes beyond the control of the court, unless perhaps a motion be made during such term to set it aside, and such motion is continued until the next term.

7. When a judgment is set aside by the court during the term at which it was rendered, the appellate court will presume that it was rightfully set aside, unless the contrary affirmatively appears by the record.

*Supersedeas* to a judgment of the municipal court of Wheeling, rendered in an action of *assumpsit*, in which Michael Green & Co. were plaintiffs and the Pittsburgh, Wheeling and Kentucky Railroad Company was defendant, allowed upon the petition of said company. The facts sufficiently appear in the opinion of the Court.

*Wm. P. Hubbard,* for plaintiff in error and defendant below :

1st. The verdict being absolute in form, not withstanding the demurrer to evidence, ought not to have been received, and judgment ought not to have been entered thereon : *Bigger's adm'r* v. *Alderson,* 1 H. & M. 54.

2d. At common law, after final judgment, the record could not be altered, even at the same term : 2 Tidd's Practice (2d Am. Ed.), 753, 949, 191; Steph. on Plead. (8th Am. Ed.), 75 ; *Bonfield* v. *Miller,* 2 Burr. 1098 ; *Butler* v. *Buckley,* 1 Bingh. 233 ; 3 Blackst. Com. (Wend. Ed.), 409 ; Code W. Va., chap. 114, §4.

3d. The statutes of amendments and jeofails authorized the correction only of errors not judicial : 1 Bac. Abr. (Bon. Ed.), 251 ; 1 Comyn's Dig. (Day's Ed.), 605 ; 2 Abbott's U. S. Practice, 108-9. And there must be

something to amend by ; 2 Tidd's Practice (2d Am. Ed.), 769; Code W. Va., chap. 134, §5.

4th. A judgment cannot be set aside, even at the same term, except upon notice to the party who obtained the judgment, or in his presence : Code W. Va. ch. 134, secs. 1 and 5; *Ballard* v. *Whitlock*, 18 Gratt. 235 ; and for good cause, Code W. Va. ch. 125 §47 ; *Doggett* v. *Emerson*, 1 Woodb. & M. 1.

5th. The statement in the record : "the defendant having failed to file a demurrer to the evidence," may be considered as recital, which must yield to positive averment : *Hall* v. *Williams*, 6 Pick. 246 ; 2 Miss. (1 How.) 527; 10 Miss. (2 S. & M.) 213.

6th. If the record is to be regarded as self-contradictory as to the demurrer to evidence, the court below should have said the case was too uncertain for judgment, and have awarded a *venire de novo: Taliaferro* v. *Gatewood*, 6 Munf. 322, 323; 2 Saund. Pl. & Ev., 1102; *Fairfax's adm'r,* v. *Lewis*, 11 Leigh 233.

*Davenport & Dovener*, for plaintiffs below and defendants in error :

There was no demurrer to evidence, which could have been considered by the court; it should have been in writing : 6 W. Va. 514, and cases cited; 5 Rand. 1.

A general verdict was not erroneous; 1 H. & M. 1; 2 Tuck. Com. 290.

HAYMOND, JUDGE, delivered the opinion of the Court:

This is an action of trespass on the case in *assumpsit*, brought by the plaintiff against the defendant, in the municipal court of Wheeling, on the 15th day of October 1873. The defendant, by its attorney, appeared in court to the action on the 17th day of December 1873, and pleaded *non-assumpsit*, on which issue was then joined.

On the 28th day of February 1874 the parties appeared in court, and a jury of eleven men, agreed to by the parties, were duly sworn to well and truly try the issue

*Margin note:*
1877. Special Term.

Green & Co.
v.
P., W. & Ky. R. R. Co.

joined; and the cause was continued until Monday, the 2d of March 1874; at which time, it appears by the record, the parties again appeared in court, "together with the same jury as on Saturday last; and thereupon the plaintiffs proceeded to offer their evidence in this cause, and the defendants excepted to sundry rulings of the court; which exceptions are allowed, and ordered to be filed among the papers of the cause; "and thereupon the defendant files its demurrer to the evidence offered by the plaintiffs herein, in which demurrer the plaintiffs joined; and the jury having retired, returned into court the following verdict:"

"'We, the jury, find for the plaintiffs, and assess the damages at $1,300, with interest from this date.

"'E. J. WHITE, *Foreman.*'

"And thereupon the court having heard the arguments of counsel, upon the question of law arising on said demurrer to the evidence, takes until the next term to consider of its judgment thereon."

Afterwards, on the 16th day of March 1874, an order and judgment in these words was made in the cause by the court, viz: "This day came the parties, by their attorneys, and the court having maturely considered the demurrer of the defendant to the plaintiffs' evidence, and being fully advised of its judgment thereon, doth sustain the same; therefore it is considered by the court that the plaintiffs take nothing by this action, and that the defendant recover against said plaintiffs its costs," &c.

Afterwards, and during the same term of the court, the plaintiffs appeared and moved the court to set aside the judgment heretofore entered in this case, which motion was granted, and the cause continued until the next term.

Afterwards, and after some continuances, on the 31st day of August 1874 the plaintiffs appeared in court, by their attorney, and moved the court to enter judgment on the said verdict, rendered at a former term.

And aferwards, on the 26th day of September 1874,

the court made this order in the case, viz: "This cause came on to be heard upon the verdict of the jury, rendered herein at the February term of this court, 1874, and upon the motion of the plaintiffs, made at the last term of this court, for a judgment thereon in favor of the plaintiffs, and the defendant, having failed to file a demurrer to the evidence, and the court being fully advised in the premises, is of opinion that the plaintiffs are entitled to recover of the defendant the amount of damages assessed by the jury. It is therefore considered and adjudged, that the plaintiffs recover of the defendant the said sum of thirteen hundred dollars ($1,300.00), with interest thereon from March 2d, 1874, and also their costs in this behalf expended," &c.

1877.
Special Term.

Green & Co.
v.
P., W. & Ky. R.
R. Co.

Afterwards, on the 29th day of June 1875, and at a term of said court subsequent to that last aforesaid, the defendant by its attorney appeared in said court, and moved the court to set aside the final order of the court in the case, made on the 26th day of September 1874.

Afterwards, on the 8th day of July, but during the same term, at which the said last named motion was made, the court overruled the defendant's said motion." To the final judgment of the municipal court of Wheeling, rendered in this cause upon the said verdict of the jury in favor of the plaintiff and against the defendant, the defendant has obtained a *supersedeas* from this court; and it must now be determined whether there is error in said judgment, for which it should be reversed.

The party who demurs to the evidence, alleges that the evidence is not good and sufficient in law to support the issue joined on the part of his adversary, who on his part, by joining in the demurrer, avers that it is good and sufficient in law to maintain the issue on his part. *Muhleman* v. *National Insurance Co.*, 6 West Va. 514. The demurrer should set out the whole of the evidence on both sides, where more than one side introduces evidence. It is evident to my mind from the plain language of the order of the court, made on March 2, 1872,

87

1877.
Special Term.

Green & Co.
v.
P., W. & Ky. R.
R. Co.

that at the time the jury found their verdict in the cause, (which is unconditional on its face), it was the understanding of the court, counsel of the parties and the jury, that a demurrer to the plaintiffs' evidence had been filed in the cause by the defendant, and that the plaintiff had joined in the demurrer, and that the verdict of the jury so found, was subject to the opinion and judgment of the court upon the demurrer to the evidence. If the court's record made at that time speaks the truth, and is a verity, I am unable to arrive at any other conclusion. But again, on the 16th day of March 1874, the court according to its record, sustained the defendant's demurrer to evidence and gave judgment thereon in the action against the plaintiff, in the presence of the parties by their attorneys, notwithstanding the verdict was unconditional on its face. This fact shows that the court and counsel, at the last named date, considered that there was a demurrer to evidence and joinder therein in the cause, and that the verdict of the jury was subject to the opinion and judgment of the court upon such demurrer. Again, the order of the 2d of March 1874, shows that the court heard the arguments of counsel on the demurrer to evidence, and the court took time to consider thereon. The record of the proceedings of the court on the 2d of March 1874, I conclude beyond question, shows that the defendant did demur to the evidence, and that the plaintiffs joined therein, and that said demurrer and joinder were made before the rendition of the verdict. This being so, the verdict of the jury, though unconditional on its face, must be considered conditional, and subject to the opinion and judgment of the court, upon the demurrer to the evidence. The court did pass on that demurrer and give judgment thereon in favor of the defendant; but for some reason, not disclosed upon the record, at that time the court set aside that judgment, and afterwards rendered judgment upon the verdict of the jury without passing upon the demurrer to evidence; in other words, the court rendered judg-

ment upon the verdict as though it was in fact unconditional. The reason, and only reason, assigned by the court for rendering such judgment, is that the defendant failed to "file a demurrer to the evidence." Thus we have the singular spectacle of two orders of the court solemnly declaring that there was a demurrer to the evifiled in the cause by the defendant, and joinder therein, and one (the last) declaring that the defendant had failed to file a demurrer to the evidence. In the case of *Bigger's adm'r* v. *Alderson*, 1 H. & M. 53, in the syllabus of the case, it is stated to have been held by the court, that "on a demurrer to evidence, an *unconditional* verdict is not error, provided the demurrer be afterwards determined by the court :" 2d Tucker's Commentaries, 291. This, I think, is reasonable and good law; but it is clearly deducible from it, that it would be error in the court to render judgment upon the verdict regardless of the demurrer to evidence. The verdict being conditional when rendered, remains so until proper action is taken by the court upon the demurrer, and judgment is rendered, or it is set aside. If the said orders of the court of the 2d of March 1874, and the 16th day of March 1874, speak the truth, then it is clear that there has not been a fair and lawful trial of this case. It is true that the court says in its judgment of the 26th of September 1874, as a reason for its final judgment, rendered upon the verdict : "And the defendant having failed to file a demurrer to the evidence," thereby apparently contradicting its record of the former proceedings in the cause. But taking the record of the proceedings as they stand, I think it must be concluded that the verdict of the jury was found with the understanding and belief of the court, the parties, their counsel and the jury that the defendant had filed a demurrer to the evidence and the plaintiff joined therein, and that the verdict was conditional and subject to the opinion and judgment of the court upon the demurrer to the evidence. The verdict being thus conditional the defendant was entitled to have

the opinion and judgment of the court upon the demurrer to the evidence, before judgment could be legally or properly rendered upon said verdict by the court. And the rendering of said final judgment upon said verdict, without passing upon the demurrer to the evidence, was illegal and improper. I think it was competent for the court to set aside its judgment of March the 16th, rendered on the demurrer to evidence during the same term, and that without notice to the plaintiff. The judgment was not then final, and was therefore under the control of the court until the end of the term, at which it was rendered. If it had not been set aside by the court during the term at which it was rendered it would at the end of that term have became final and byond the control of the court unless perhaps a motion was made to set it aside and the motion continued till next term. When a judgment aside by the court during the term at which it was rendered, the appellate court will presume that it was rightfully set aside, unless the contrary affirmatively appears by the record. The judgment of the court rendered in this cause being erroneous, the question arises, what should be done (under the peculiar circumstances of the case as disclosed by the record) with the case by this court. It seems to me, as the court below declares that there is no demurrer to evidence filed in the cause, and none appears in the record containing the evidence, and it is manifest by reason of some mistake or misunderstanding of the parties, court, counsel and jury, that a fair and legal trial of the cause was not had in the court below, that the judgment of said municipal court of Wheeling, rendered in the cause on the 26th day of September 1874, should be reversed; and the verdict of the jury and the demurrer to the evidence recited in the record s being filed by the defendant, and joinder therein by the plaintiff, be set aside and a new trial awarded.

For the foregoing reasons, there is error in the said judgment of the municipal court of Wheeling, rendered in this cause on the 26th day of September 1874, for

which the same is reversed, set aside and annulled, with costs to the plaintiff in error against the defendants in error; and this Court proceeding to render such judgment, as said municipal court of Wheeling should have rendered in the cause; the verdict of the jury rendered in the cause on the 2d day of March 1874, at the former trial thereof, and the demurrer to the evidence recited in the record of the proceedings of said municipal court of Wheeling, on the day and year last aforesaid, as being filed by the defendant, and joinder therein by the plaintiff, are set aside; and a new trial in the cause is granted and awarded, the costs of the former trial to abide the event of the suit; and this cause is remanded to the said municipal court of Wheeling, for such further proceedings therein, there to be had, as are or may be in accordance with law.

1877.
Special Term.

Green & Co.
v.
P., W. & Ky. R.
R. Co.

The other Judges concurred.

JUDGMENT REVERSED.