J. A. ANDERSON, Adm'r, v. LOUISA J. THOMPSON et al.

PLEADINGS AND PRACTICE. *Setting aside judgments at a former term of the court. Consent of attorneys.* A court cannot, even by consent of attorneys for both parties, set aside at a subsequent term its judgment of a former term of the court, except where, by clerical mistake or inadvertence, an erroneous judgment has been entered.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. C. W. HEISKELL, J.

C. F. VANCE for Anderson.

TAYLOR & CARROLL and H. CAYCE YOUNG for Thompson.

DEADERICK, C. J., delivered the opinion of the court.

On the 31st of August, 1871, Thompson and wife instituted an action in the second circuit court of Shelby county against the administrator of James, to recover for the wife's services to intestate. The declaration claimed $500, and in March, 1873, plaintiffs obtained a verdict for $550, for which judgment was pronounced by the court in their favor. No motion for new trial or arrest of judgment was made, nor was any appeal prayed or granted. The judgment remained in full force, not vacated or set aside, until January, 1874, when the following entry appears of

record in said court, purporting to have been made in this cause:

"In this cause it is agreed between counsel that the judgment rendered herein may be set aside, upon condition that the plaintiffs be allowed to amend their writ and declaration without prejudice, so as to bring their suit for three thousand dollars. And it is agreed that such amendment shall not in any way be pleaded in defense by the defendants." Signed; "Cayce Young, attorney for plaintiffs. Vance & Anderson, for defendants."

Thereupon, it was ordered by the court that the judgment rendered herein on the 25th day of *May* (March, it should be), 1873, be set aside in pursuance of said agreement of counsel, and the cause was ordered to be reinstated in its proper place upon the trial docket.

The plaintiffs then filed their declaration claiming $3,000 for the wife's services.

It will be observed that the foregoing agreement and the order of the court reinstating the cause upon the trial docket, were made at a term of the court subsequent to that at which the verdict was rendered and judgment of the court pronounced for $550 in favor of plaintiffs, a term of said court having intervened. No other entry appears until April, 1877, when, on motion of plaintiffs, the writ and declaration were amended "to make plaintiffs' claim for damages $4,000." At the same term the cause was tried, and a subsequent entry shows that when the cause was called for trial, plaintiffs asked leave to raise

Anderson *v.* Thompson.

their writ and declaration to $3,500, which was objected to by defendant, but allowed by court, offering that defendant might have the cause continued if he desired, which, however, he declined. The trial then proceeded, and the jury rendered a verdict in favor of plaintiffs for $3,870, for which judgment was entered, and it was then the order was made allowing the increase to $4,000 in the writ and declaration, to all which defendant excepted, and entered a motion for a new trial, which the court held under advisement, and finally entered an order directing plaintiffs to enter a remittitur of their judgment except for the sum of $2,500, otherwise a new trial should be granted defendant. The defendant prayed an appeal, and the court declared that he would not require plaintiffs to remit any part of their judgment unless defendant would forego an appeal, and defendant persisting in taking his appeal, the court rescinded the order requiring the plaintiffs to remit, and rendered judgment for $3,870, the amount of the verdict of the jury, and defendant has appealed to this court.

We are not aware of any law, statute or rule of practice by which the court can undertake to set aside its judgment of a former term at a subsequent term of such court, except under certain statutes, where, by clerical mistake or inadvertence, an erroneous judgment has been entered. It is not pretended that the proceedings in this case fall within this category. The case between these parties had been tried and finally determined in March, 1873. The court had no further jurisdiction in the case than to enforce the judgment

then rendered, after the expiration of the term at which the final judgment was rendered. It could not set aside or modify said judgment, and in undertaking to do so, it acted without authority of law. Nor could the consent of the attorneys in the case confer any such power or jurisdiction upon the court. The judgment rendered was final and irrevocable, subject only to revision in some of the familiar modes pointed out by law. It cannot be maintained that it was a new suit between the same parties, in which neither relied upon the former adjudication. It was not begun by any new process known to our courts. Upon its face it purports to be a continuation of the old suit, upon an amended declaration, filed upon an agreement set out in the record, and upon an order of the court setting aside its judgment of a former term. To this amended declaration no pleas were filed.

If either party in the first trial was dissatisfied with the verdict and judgment, the mode of correcting any errors committed was plain. To allow parties after judgment, and after final adjournment of the court, at their own option, to have another trial of a case by the same court which had already tried it, we think would be a most pernicious and mischievous practice.

In our view, all the proceedings had in pursuance of the agreement of counsel after the final judgment in the case in March, 1873, were coram non judice and utterly invalid.

The judgment of March, 1873, was not affected by any order of subsequent terms of said court, and is

a valid and subsisting judgment. ·That subsequently rendered is void.

The judgment appealed from will be reversed, but the plaintiffs in error will pay the costs of this court and the costs below which have accrued since the filing of the amended declaration.


FREEMAN, J., delivered the following dissenting opinion:

The original suit in this record was brought in 1871, against Anderson, administrator, by the defendants in error. The declaration filed claimed only five hundred dollars damages. In March, 1873, the plaintiffs had a judgment for five hundred and fifty dollars. No motion for new trial or arrest of judgment was made. The case stood thus until January, 1874, when the following entry appears on the record:

" In this cause it is agreed between counsel that the judgment rendered herein may be set aside, upon condition that the plaintiffs be allowed to amend the writ and declaration without prejudice, so as to bring their suit for three thousand dollars. And it is agreed that such amendment shall not in any way be pleaded in defense by the defendant." Signed, " Cacey Young, attorney for plaintiffs. Vance & Anderson, for defendants."

Thereupon it was ordered by the court, .that the judgment had March 25, 1873, be set aside in pursuance of said agreement of counsel, and the cause was ordered to be reinstated in its proper place upon

the trial docket. The plaintiffs then filed their decla-
ration claiming $3,000 for the services of the wife.

This agreement and order setting aside the former
judgment, was made at a term subsequent to the one
at which the judgment was rendered.

It is now claimed this order is a nullity, for want
of jurisdiction in the court to make it.

If this be an accurate statement of the ground on
which the judgment or order setting aside the judg-
ment of March, 1873, is to be attacked, then we think
sec. 2874 of the Code would seem to be conclusive
on the action of this court. It is: "The supreme
court shall not dismiss any suit for matters of form,
or for *want* of jurisdiction over the subject-matter in
the court in which the action was instituted, unless
exception was properly taken by demurrer to the want
of jurisdiction in the court below."

The court, by consent of the parties, certainly had
jurisdiction of the parties to this suit. Admit that
upon demurrer, or objection properly taken, when the
declaration was filed, the court would have been com-
pelled to dismiss the suit for want of jurisdiction.
No such demurrer having been filed, by the express
language of the section we are forbidden to notice the
objection here, or dismiss the suit, which would be
the result if this contention prevail.

But passing from this. The case is a judgment
had by the plaintiffs for $550, no new trial moved
for or appeal, so that the judgment was in full force
and effect January, 1874, when the agreement was had
between the parties through their counsel representing

them in court. The only fair inference from the terms of the agreement is, that the defendant sought it, as the former judgment is set aside "upon condition that the plaintiffs be allowed to amend the writ and declaration, without prejudice, so as to bring their suit for three thousand dollars; and it is agreed by both parties that such amendment shall not in any way be pleaded in defense by the defendant." The question, then, is, whether a party can obtain such an agreement, for his own apparent advantage at the time, and then not be estopped to interpose the objection, after having acquiesced in it for over seven years, the other party relying on it, and incurring the expense of continued litigation.

But to the question of authority in the court to make the order by consent of the parties. What is it in its essential features? It is, in fact, nothing more than agreement to allow a new suit on the same cause of action to be commenced without issuance of another writ, and no plea of the former adjudication to be interposed on either side. Why parties may not do this, we are at a loss to see. That this is a new suit in effect on the above terms, I think there can be no doubt, for the plaintiffs "amend their writ and declaration, without prejudice, so as to *bring* their suit for three thousand," and to this changed state of the case, under the new suit thus brought, the fact that it was by way of amendment is not to be pleaded in defense by the defendant. The court had jurisdiction of the subject-matter of the controversy; by consent of the parties, it had jurisdiction

of the parties. How could that jurisdiction be defeated? I confess I see no way in which it could be done, except by objection properly taken in the court below. It is true this particular suit could have been defeated, assuming the setting aside of the judgment was unauthorized, by a plea of *res adjudica,* but no such plea has been interposed. The question, then, is, can the objection be for the first time interposed in this court, in the face of the express agreement of waiver in the record? It seems to me it cannot, on any principle known to our law, and especially in the face of the section of the Code we have cited. No objection having been interposed in the court below, we cannot see how such objection can for the first time be interposed in this court. Such a rule would enable a party to contest a case for years—take his chances on the merits, and when he at last loses on this ground, bring the case to this court, and fix all costs of the contest on his opponent. The Code was intended to meet just such cases, and its language seems to me imperative.

But sec. 4516, it seems to me, conclusively precludes this court from taking any notice of this objection. It is: "No judgment, decision or decree of the inferior courts shall be reversed in the supreme court, unless for errors which affect the merits of the judgment, decision or decree complained of." Merits here must mean the right on the facts of the case made by the pleadings. Are we not confined in this case by this section to the question of the *right* of the party who has this judgment on the law and facts

of the case, to have had this particular judgment, and excluded from looking into any of the formal steps by which that result has been attained? I see . no other meaning that can be given to this section.

It is no answer to the view taken to say, that if the court had refused to set aside the judgment, as per the. agreement of the parties, no error could have been assigned on such action. The parties might have proceeded almost precisely as they have done. A declaration might have been filed claiming three thousand dollars, the parties have consented to it, and bound themselves to take no advantage of the former judgment; and the court could not have. prevented them from trying this case on such issues as they chose to make—precisely as has been done in this case. The entry, so far as it purports to set aside the judgment, in this view, may all go for nothing, and the result be the same. On what principle this court can interpose the former judgment for the parties, when they have declined to do so, I am unable to see. They might have entered satisfaction of that judgment, or brought it to this court, and, by consent, have had it reversed and annulled. Why not do *that*, by consent, in the court below, which they had the power to do, by filing the transcript here and consenting to a revisal? Why compel the parties either to issue a new writ and commence *de novo*, as they might have done, or resort to reversal by consent here, when it could all be done by agreement at once? In fact, I think this is really nothing but a question of practice—of the form of doing a thing,

but not going to the substance or merits in any aspect of the case. Whether the court would have erred if it had refused to make the order, is not of any importance. As a matter of practice, possibly it might not have been error so to refuse, but would have been a very illiberal practice. But the real question is, having made it, and the parties having prosecuted their litigation for years under it, can we now reverse the judgment because their agreement happens to be found in the record, instead of in a private paper kept by themselves? I think not. Is it a question, one going to the merits of the claim? Certainly not; only a question of a former judgment had in the same matter. That such a judgment should be interposed as a defense, either by plea or as a matter of estoppel, by introducing the record as evidence, seems to me to be well established. This has not been done; and not having been done, the court below has never been called on to adjudge the question. Yet we are now, on objection made for the first time, asked to make it as effective as if interposed in the court below as a defense.

In favor of good faith in agreements, I think there ought to be no strict rule applied in favor of such a claim. A party ought to be estopped by his deliberate agreement,—especially, as in this case, where he in terms at least gets clear of a judgment, and has a chance to defeat the claim entirely on the new trial he has had. The fact that he lost, cannot aid his claim. Suppose he had won, however, and a judgment been had for the defendant, would we have

listened patiently to the plaintiff if he had urged the whole proceeding was void, and had insisted on his former judgment? I hardly think such claim would have been sustained; certainly we would never have heard of a want of jurisdiction, coming from the defendant. We would have said to the plaintiff, you have chosen to waive your advantage and try for a better result, and have lost, and must stand by that to which you have assented.

This is the clear principle on which the opinion, at this term, in the case of *Longsmith* v. *Bowen et al.* rests. The appeal in that case had removed the case, as was stated, from the jurisdiction of the justice. He had no such case pending before him. The jurisdiction had been transferred to the circuit court from the time the appeal was prayed and granted and bond executed. Yet the appeal having, by consent of both parties, been withdrawn, and no question having been made below as to the validity of the judgment and execution, it was held the execution was valid, and based on a valid judgment before the justice. The learned judge puts this conclusion on the ground that the acts shown by the record were sufficient to estop them from questioning the validity of the judgment or insisting that the cause was in reality pending in the circuit court upon the appeal, which was clearly shown to have been abandoned. Now, if a judgment can be reinstated by consent, I can see no reason why it may not be set aside by the same means. This case is stronger than that, for that case had been appealed, and appeal perfected, and

the judgment vacated by this, and the very case thus transferred to another jurisdiction. Here the case stood unappealed from, and was thus standing on the docket of the circuit court. On what principle it can be sustained that there is authority in a justice to reinstate an appealed judgment, and no authority in a circuit court to vacate an unappealed one, I am unable to see; or rather, I cannot see the principle on which parties consenting in the one case are estopped, when they fail to make any objection in the court below in the one case, and are not on the same facts estopped in the other. I think the case referred to was correctly decided, and the principle seems to me conclusive of the present one. Certainly a justice has no more power over his judgments than a circuit judge, nor parties any more bound by consent given in the one court than in the other.

For these reasons I think the judgment should be affirmed, nothing more appearing in the record for reversal.

TURNEY, J., concurs.