CARL L. CALDWELL *et al.*, Appellees, v. TOWN OF NASHUA, Appellant.

**Streets:** CHANGE OF GRADE. A city has no authority to change
1    the grade of a street or sidewalk except upon the adoption of
an ordinance fixing the grade, and a resolution directing the
change; and in the absence of such ordinance and resolution,
it is liable in damages for any change.

**New Trial:** MISCONDUCT OF JUROR. In the trial of an action for
2    damages for change of a street grade, the fact that one of the
jurymen observed the street but made no mention of the fact
in the juryroom and states that it did not affect his verdict,
does not amount to such misconduct as will justify a new trial.

*Appeal from Chickasaw District Court.*—HON. L. E.
FELLOWS, Judge.

FRIDAY, JANUARY 15, 1904.

ACTION to recover damages caused by a change in
the surface of a street. There was a trial to a jury, and
a verdict and judgment in favor of plaintiffs. The defend-
ant appeals.—*Affirmed.*

*Springer, Clary & Condon* for appellant.

*William B. Perrin* for appellees.

BISHOP, J.—Plaintiffs own certain improved lots
within the corporate limits of the defendant town. Such
lots face east, and abut on one of the public streets of said
town. No fixed grade for said street has ever been estab-
lished in the manner required by law. It seems, however,
that some twenty-five years ago, by the common consent
of P. H. Caldwell—father of plaintiffs, and then owner of
the property—and the defendant town, the street was cut
or graded down so that the center and east portion thereof

was about nine feet below the general level of the lots; that next to the line of the Caldwell lots the cut made was about five feet in depth, leaving what may be called a "bench" along the line of said lots, about four feet above the center level of the street, and about eight feet in width. Said P. H. Caldwell put in a stone retaining wall along the lot line, and also a wall at the outer edge of the bench, or at what may be termed the curb line. The top of the bench was then graveled, and steps placed as approaches thereto by said P. H. Caldwell, and the same was thereafter used as a sidewalk. At one end a drive way was cut back into the lot, the approach thereto being by means of an apron bridge leading from the street level up to the level of the bench. In October, 1900, the officers of the defendant town caused the bench to be cut down to the center level of the street, and the earth to be taken away. In connection with such work the stone retaining walls were also taken down, and the stone placed in a nearby pile. Plaintiffs bring this action to recover damages to their property, occasioned, as alleged, by the change in the street thus made.

On the part of defendant it is claimed that the work was rendered necessary by reason of the failure on the part of plaintiffs to keep the walk and the retaining walls in repair, and that the same had become unsightly, unsafe, and dangerous. The case seems to have been tried on the part of defendant town in the court below upon the theory that the bench and the apron bridge constituted obstructions in the street which it was the right and duty of the town to remove. The court refused to adopt such theory, and held to the view that the work done as complained of constituted simply a grading or cutting down of that portion of the street surface which had been formerly used as a walk. Accordingly, an instruction was given to the jury in substance that, as no ordinance had ever been adopted establishing a grade for said street or

for a walk in front of plaintiff's premises, and no resolution having been adopted by the town council directing the grading of the street or the cutting down of the walk as complained of, if by reason of such work the plaintiffs had suffered damages to the value of their property, the amount thereof was recoverable from the defendant in this action. The giving of this instruction is assigned as error.

It is the contention of counsel for appellant that, under the general powers granted to it by law to control the streets within its corporate limits, it had the power to

1. STREETS: change of grade. act in the premises, and, in its discretion, to either repair the walk or to remove the bench

altogether. It is manifest, however, that the case presented is not one of the repair of a defective sidewalk, nor is it by any fair intendment a case involving only the removal of a sidewalk. To all intents and purposes the case is one of a change in the surface level of the west portion of the street, the affected portion being eight feet in width, and extending along the entire front of plaintiffs' property. Now, while it is true that the town had the power under section 753 of the Code to control the streets within its corporate limits, yet it is to be observed that the power to establish a grade for a street, and to bring the surface of such street into conformity therewith, can only be exercised through the medium of an ordinance regularly adopted in the manner provided by law. Code, section 782; *Trustees v. Anamosa*, 76 Iowa, 538; *Blanden v. Ft. Dodge*, 102 Iowa, 441; *Eckert v. Walnut*, 117 Iowa, 629. In the instant case it is conceded that no ordinance was ever adopted, nor was there even a formal resolution of the city council directing the performance of the work.

Counsel for appellant further argue that the bench of earth and the apron bridge constituted obstructions in the street which it was the right of the city officers to remove. The trial court held that the apron bridge was an unlaw-

ful obstruction of the street, for the removal of which plaintiffs could not recover. As plaintiffs have not appealed, we may give such matter no further consideration. That the bench of earth was an obstruction of the street in any ordinary sense cannot be true upon any reasonable hypothesis. It was, pure and simple, a change in the level of one portion of the street to correspond with the level of another portion of the street. Now, it is the doctrine of the authorities cited ·foregoing that there is no power in the town to make any material change in the surface level of the street in the absence of an ordinance providing therefor. Caldwell had the right in the beginning to have the natural surface of the street maintained until a legal grade was established. He consented to a change, and to the extent thereof he became bound, as did his heirs and assigns. But his consent gave warrant only to make the change as it was made. The change in the surface of the street now complained of having been made without consent, and without authority of law, the conclusion follows that the instruction under consideration was applicable to the facts appearing, and, as such instruction correctly states the law, it must be approved.

II. In the motion for new trial, defendant asked that the verdict be set aside for the reason that one of the jurors sitting in the case had been guilty of misconduct.

**2. NEW trial: misconduct of juror.** The motion was overruled and this ruling is assigned as error. The facts are presented in the form of affidavits of which there are two, one by W. J. Nugent, and a counter affidavit by the juror in question, Chestek by name. Nugent makes oath that after the trial was concluded he heard Chestek say that while the trial was in progress, and during a Sunday intermission, he had gone over to Nashua and inspected the premises in question; that he knew of the character of the property, and the effect thereon of the change made in the street, and what would be necessary to put the property in shape.

Chestek says in his affidavit that he is a liveryman, living at Bassett; that during the intermission of court he was employed to take a passenger from Bassett to Nashua, and that in driving into Nashua he went by the Caldwell place, and observed it as he passed; that he did not mention such fact while in the jury room, nor does he remember of speaking of it to any individual juror; that his view of the premises in no manner affected or influenced his verdict. From such facts we cannot say that any prejudicial misconduct is shown.

Having thus disposed of the assignments of error presented in argument, we reach the conclusion that the judgment should be, and it is AFFIRMED.