THE CITY OF EMPORIA V. WILLIAM JUENGLING.

No. 15,646.   (96 Pac. 850.)

1. PERSONAL INJURIES—*Defective Street—Contributory Negligence.* It could not be said, as a matter of law, that it was negligence for plaintiff to stand up while riding upon a dray in a city street.

2. JURY AND JURORS—*View—Officer in Charge—Oath.* The statute does not require an additional oath to be administered to the officer selected to have charge of a jury while they are viewing premises.

3. ——— *View—Omission to Appoint a Guide.* As the jury found and inspected the right place, it was immaterial that no person was appointed to show them the place.

4. ——— *Misconduct—New Trial.* Alleged misconduct of jurors while viewing claimed defects in a street held not to warrant a new trial.

Error from Lyon district court; FREDERICK A. MECKEL, judge. Opinion filed July 3, 1908. Affirmed.

*J. Harvey Frith,* and *W. W. Parker,* for plaintiff in error.

*R. M. Hamer,* and *W. C. Harris,* for defendant in error.

*Per Curiam:* William Juengling was injured by falling from a dray on which he was riding in a street of Emporia. He brought an action against the city for damages, claiming that his fall was occasioned by a wheel striking the cover of a manhole which had been negligently permitted to project about eight inches

above the level of the highway. He recovered judgment, and the defendant prosecutes error.

It is contended that there was no evidence of negligence on the part of the city, but the argument in support of this contention goes rather to the credibility of the testimony given by one of the plaintiff's witnesses. What the actual condition of the street was, and whether the city was negligent in permitting such condition to exist, were fair matters for the determination of the jury.

The plaintiff at the time of the accident was standing up in the dray, and it is urged that this fact constituted contributory negligence on his part, especially in view of his age—68 years. It can not be said as a matter of law, however, that it is negligence for one to stand up while riding upon a dray in a city street.

The jury were allowed to view the place of the accident. Objections are made in this connection upon the following grounds: (1) That the officer placed in charge of the jury was not sworn; (2) that no person was appointed to show the jury the place; and (3) that some of the jurymen were guilty of misconduct during the view. To these in turn it may be said:

The statute (Civ. Code, § 277) does not require any additional oath to be administered to the officer selected to have charge of a jury under such circumstances.

The only purpose of having some other person accompany the jury is that he may show them the place to be viewed, and as they found and inspected the right place the omission was necessarily unimportant. (*Coughlin v. C. I. & K. Rly. Co.*, 36 Kan. 422, 13 Pac. 813.)

The specifications of misconduct are that some of the jurors talked with an outsider about which way the sewer ran, that one made measurements at the manhole, and that another dug into the earth near it with a knife and said that he had struck gravel or rock or something. It is apparent that no substantial prejudice could have resulted from any of these matters, and therefore there was no occasion for granting a new

trial. (12 Encyc. Pl. & Pr. 550.) In the cases of *The City of Indianapolis v. Scott,* 72 Ind. 196, 205, and *Hardin v. The State,* 40 Tex. Crim. Rep. 208, 221, 49 S. W. 607, more serious misconduct was held non-prejudicial. In the former (an action for damages resulting from a defective sidewalk) a juror without authority examined a sleeper at the place of the injury, breaking off pieces and thrusting his knife into it. In the latter (a murder case) one juror stepped the distance from the point of the homicide to the place from which a witness testified that he had seen it; and another measured a bullet-hole in a neighboring wall.

The judgment is affirmed.