Argued May 7, decided May 28, 1912.

## PURDY *v.* VAN KEUREN.

[123 Pac. 1070.]

NEW TRIAL—TIME OF HEARING.

Under Section 175, B. & C. Comp., as amended in 1907 (Section 175, L. O. L.), providing that a motion for a new trial shall be heard and determined during the term at which judgment is entered, unless the court shall continue the same, the court cannot hear a motion for a new trial after the term unless so continued.

From Grant: DALTON BIGGS, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is an action by Jesse T. Purdy against Judson H. Van Keuren and Jay A. Higbee, co-partners as Van Keuren & Higbee. The facts are as follows:

A judgment was rendered in favor of plaintiff in this cause at the May term of court on July 6, 1910. Thereupon, on July 14th, defendant filed a motion to set aside the judgment and to grant a new trial. No order was made during the May term, continuing the hearing of the motion until the next term, but it was submitted to the court on the 22d day of November, which was the second day of the November, 1910, term, and on the same date

the court made an order setting aside the judgment and granting a new trial. Thereafter plaintiff filed a motion to vacate and set aside the order granting a new trial, for the reason that the court had no jurisdiction to make it after the term at which the judgment was rendered. The motion was denied, and plaintiff appeals.

REVERSED.

For appellant there was a brief and oral arguments by *Messrs. Cattanach & Wood.*

For respondents there was a brief over the names of *Messrs. Hicks & Marks,* with an oral argument by *Mr. Errett Hicks.*

Opinion by MR. CHIEF JUSTICE EAKIN.

Sections 174 and 175, B. & C. Comp., relating to new trials, prior to the amendment of 1907, provided that the former verdict or other decision may be set aside and a new trial granted in a certain manner, and that the motion for a new trial "shall be filed within one day after giving the verdict or other decision sought to be set aside." This statute contemplated that the motion should be filed before the rendition of the judgment. These sections were amended in 1907 to make them applicable to Section 201, as amended by the same act; and Section 175, L. O. L., now provides that the motion is to be filed after judgment.

"A motion to set aside a judgment and for a new trial, with the affidavits, if any, in support thereof, shall be filed within one day after the entry of the judgment sought to be set aside, or such further time as the court may allow. * * The motion shall be heard and determined during the term unless the court continue the same for advisement, or want of time to hear it. When not so heard and determined or continued, it shall be deemed withdrawn and may be disregarded."

Counsel for defendant contend that plaintiff waived any irregularities in the action of the court in not hearing and deciding the motion during the term at which the trial was heard, or in not having made an order continuing it to the next term, for the reason that he did not object thereto, but submitted the same to the court.

Cases are cited by defendant in support of this contention, but they are not applicable under our present statute. *Klein* v. *Southern Pac. Co.* (C. C.) 140 Fed. 213, cited, being a decision under our statute, was rendered prior to the amendment. It is said in Black, Judgments, § 154, after stating the status of judgments at common law, and the modifications of that rule:

"A conservative statement of the rule as at present observed, and one fully supported by the authorities, would be as follows: After the expiration of the term at which a judgment or decree was rendered, it is out of the power of the court to amend it in any manner of substance or in any manner affecting its merits."

After the expiration of the term, the power of the court over the record is confined to errors and mistakes of its officers or to amendments to make it conform to what the court actually decided. Freeman (4th ed.) § 96; *Krause* v. *Oregon Steel Co.*, 50 Or. 88, 90 (91 Pac. 442: 92 Pac. 810). If the proceeding to set aside or modify a decree be filed during the term, and the court continues the same for hearing or consideration at a subsequent term, it will be kept in the breast of the court as to the matter so pending; but such action by the court is required to retain the power to set aside or change it. *De Castro* v. *Richardson*, 25 Cal. 49; *Mayor, etc.,* v. *Bullock,* 6 Ark. 282; *Anderson* v. *Thompson,* 75 Tenn. 259; *Green* v. *P. W. & Ky. R. Co.,* 11 W. Va. 685; *Windett* v. *Hamilton,* 52 Ill., 180. The motion to set aside the judgment and grant a new trial is no exception to this

rule. *Windett* v. *Hamilton,* 52 Ill. 180. Prior to this amendment, the judgment could not have been rendered until the motion for a new trial was disposed of, yet it was provided that the motion must be determined at the term or it will be deemed withdrawn unless continued by order of the court. Now, regardless of that clause, the court has no power to hear or determine it after the term unless so continued. Therefore it is not necessary to determine whether the requirement of Section 175, that the motion shall be determined during the term unless continued by order of the court, could have been waived prior to the amendment.

The court had no power to make the order of November 22, 1910, and the order appealed from is reversed, and the cause remanded, with directions to vacate the order of November 22d, setting aside the judgment and granting a new trial.                                REVERSED.