No. 21,645.

A. F. RUDY, *Appellee,* v. L. H. HEADLEY, *Appellant.*

SYLLABUS BY THE COURT.

1. AUTOMOBILES—*Collision—Damages—Permitting Jury to Inspect Automobile.* There was no abuse of discretion in refusing to permit the jury to inspect the defendant's automobile to discover whether it bore marks of an accident which occurred several months before the trial.

2. SAME—*Duty of Driver—Statute—Argument of Counsel.* The closing argument of counsel for the plaintiff as to the meaning of section 507 of the General Statutes of 1915, imposing certain duties upon the driver of an automobile in passing another on the highway, is held not to have been unreasonable or unfair.

3. SAME—*Improper Conduct of Juror—No Prejudicial Error.* The fact that one of the jurors, during a recess of the court, went and examined defendant's car, and stated in the jury room that he found certain marks upon it, is held under the facts in this case not to have furnished grounds for a new trial.

Appeal from Clay district court; FRED R. SMITH, judge. Opinion filed July 6, 1918. Affirmed.

*W. T. Roche,* of Clay Center, for the appellant.
*F. L. Williams,* of Clay Center, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Defendant appeals from a judgment for $230 given the plaintiff for personal injuries received when his Ford car was overturned by the defendant, who attempted to pass plaintiff with a heavier car, giving no signal of an inten-

27—Kan.—3099.

tion to pass, and by turning his car in toward the center of the road before it was clear of plaintiff's car. The plaintiff testified that no signal was given, and that defendant's car was alongside his car before plaintiff discovered his presence or intention to pass, and that defendant turned his car in at an angle almost directly in front of plaintiff's car before he had time to do anything. His wife and several members of his family who were with him, and also other witnesses who lived near and saw the accident, testified they heard no signal. The defendant's family were present with him, and all of the occupants of the car testified to the exact contrary, and that a signal was sounded, and that the accident was caused solely by the plaintiff's negligence in managing his car.

There is not the slightest merit in the contention that the demurrer to the evidence should have been sustained. The case is one depending wholly on facts which the jury have determined in favor of plaintiff. The special findings are that no signal was given; that a burr on the clamp of the demountable rim on the rear right wheel of the defendant's car struck the hub cap on the left front wheel of plaintiff's car; and that defendant drove his car a distance of from ten to thirty feet after passing plaintiff before returning to the center of the road.

While defendant offered testimony to show that his car was still in the same condition at the time of the trial as it was six months before, when the accident occurred, it cannot be said there was an abuse of discretion in refusing to permit the jury to examine his car. In the time that had elapsed it would have been very easy for a burr on the rim to be changed; and besides, an inspection would not have materially aided the jury in understanding the evidence.

In his closing argument, counsel referred to the instruction given by the court under the provisions of section 507 of the General Statutes of 1915, imposing the duty upon defendant under such circumstances not to return to the center of the road with his car until he had passed thirty feet ahead of plaintiff's car, and argued that the statute means that the passing car is not to turn in ahead of the other until at least thirty feet ahead of it. No objection to the line of argument was advanced by defendant's counsel at the time, and the matter is brought upon the record by an affidavit in support of a

motion for a new trial. Undoubtedly the legislature contemplated that both cars will be moving, and may be moving rapidly. As suggested in plaintiff's brief, if defendant's contention is correct, he would be within his rights under the statute, provided the four wheels of his vehicle did not settle down in the beaten track at a distance less than thirty feet ahead of the car he passed. The argument of plaintiff's counsel was not unreasonable or unfair.

There was no error in refusing to grant a new trial on the evidence of four jurors to the effect that some unknown juror stated in the jury room that during a recess of the court he went to defendant's car and examined it, and found that one of the rear fenders on the right was bent. If the circumstance was regarded by the jury as evidence, it was only cumulative upon a most unimportant feature of the case.

The judgment is affirmed.