Argued April 9, reversed and remanded with directions, June 16, rehearing denied July 14, 1925.

## PAUL FRANK v. JOHN MATTHIESEN.

### (236 Pac. 754.)

**New Trial — Motion for New Trial Conclusively Deemed Denied, Where not Heard During Term and No Order of Continuance Entered.**

1. Under Section 175, Or. L., motion for new trial not considered or heard until after close of term must be deemed to have been denied, where no order continuing motion for advisement or for want of time to hear it was made or entered during such term.

**New Trial—New Trial Because Single Juror Viewed Premises Held Abuse of Discretion, Where It Did not Influence Verdict.**

2. Alleged misconduct of juror in inspecting premises *held* not to have influenced his verdict, nor prejudiced losing party, where juror in his affidavit stated that he passed building frequently, that inspection was casual and did not influence his verdict, and he did not communicate his view to other jurors, and manner of construction of building was not in issue, and hence trial court abused his discretion in granting new trial therefor.

See (1) 29 **Cyc.** 1005.    (2) 29 **Cyc.** 802.

From Multnomah: GEORGE ROSSMAN, Judge.

Department 1.

This is an appeal from an order vacating a judgment based upon the verdict of a jury, and granting a new trial. The appellant relies upon two grounds, namely: (1) That the Circuit Court had lost jurisdiction of the case before it assumed to pass upon and allowed a motion for new trial. (2) That the evidence before the court on that motion was not sufficient to authorize the court to allow that motion. The verdict of the jury was returned and received on the twentieth day of May, 1922. Thereafter, and on the same day, the judgment was duly rendered and entered. Defendant filed his motion for a new trial on the thirty-first day of May, 1922. The May term

1. See 20 **R. C. L.** 311.
2. See 20 **R. C. L.** 260.

of the court terminated on the fourth day of June, 1922. The motion was not considered until the fifteenth day of July, 1922. The order granting the motion to vacate the judgment was entered on the eighteenth day of July, 1922. The June term continued through July and August. The order granting the new trial contains this recital:

"The above-entitled action came on regularly before the court for argument, upon defendant's motion for a new trial; * * and the court heard the arguments of the respective counsel and having been fully advised in the premises, took the same under advisement."

The bill of exceptions contains a statement of facts to the effect that the motion for new trial was not considered or determined until after the close of the term of the trial and that no order was made continuing it for advisement, or for want of time to consider it. To these statements the learned judge subscribed the following verification:

"The truth of the statements contained in the foregoing statement of exceptions is hereby conceded, and permission has been granted the plaintiff to make a record of his exception in the manner here adopted."

                REVERSED AND REMANDED, WITH DIRECTIONS.

For appellant there was a brief and oral argument by *Mr. Harry G. Hoy.*

For respondent there was a brief and oral arguments by *Mr. L. E. Schmitt* and *Mr. J. P. Kavanaugh.*

COSHOW, J.—1. Section 175, Oregon Laws, provides, among other things, regarding motions for new trials, as follows:

" * * The motion shall be heard and determined during the term, unless the court continue the same

for advisement, or want of time to hear it, * * and if not so heard and determined within said time, the said motion shall be conclusively taken and deemed as denied.''

The omnibus order was not made by the court or any judge of the court during the May term. It was entered by the clerk without any order therefor having been made. The clerk is a ministerial officer and is without authority to enter on the journal any order not made by the court. In this case the judge presiding at the trial certified that no order of the court continuing the motion for advisement, or for want of time to hear it, was made or entered during said term. The motion was filed in time and, therefore, may have come on regularly to be heard. But it was not considered or heard until after the close of the term. No order having been made continuing it, in the face of the learned court's statement the motion must be deemed to have been denied.

''There is a clear distinction between the making of an order and its entry. The order is made when the court announces it. It is entered when it is placed of record by the Clerk.'' 20 R. C. L. 512, § 2; *State ex rel. Brown* v. *Brown,* 31 Wash. 397 (72 Pac. 86, 62 L. R. A. 974).

Even a general order continuing all unfinished business was not made during the May term, much less an order continuing the motion for a new trial in the instant case. In the opinion of the writer the omnibus order entered by the clerk, and relied upon by the defendant, is a nullity. But we are not all agreed as to that conclusion, and for that reason our decision herein is based upon the merits of the motion for a new trial.

2. The rule governing motions for new trial based upon alleged unauthorized views of the premises by a juror is thus stated in 20 R. C. L. 260:

"The fact that an unauthorized view or inspection is made by the jury or by a juror during the progress of a civil or criminal trial, while improper, is not ground for a new trial unless it appears that the verdict was affected thereby. But where the mere fact of an inspection, in view of the nature of the suit, is calculated to influence the party to the prejudice of the unsuccessful party, it will be presumed that the knowledge so obtained was in fact prejudicial, and in the absence of evidence to the contrary a new trial will be granted."

The affidavit supporting the motion for a new trial was made by the defendant himself and the parts thereof pertinent are as follows:

"That some time after the jury was accepted and sworn to try the case, and before the return of the verdict, Henry Christensen, one of the jurors selected to try the case, of his own accord and without the knowledge or consent of the court, or the defendant, viewed the premises, known as 370 First Street, located in the City of Portland, Oregon, and which premises were the principal contention and which had been altered and changed from its condition previous to the fire, by placing thereon fire escapes. That said Christensen was one of the jurors who signed the verdict in favor of the plaintiff. That the conduct of said Christensen as aforesaid was highly prejudicial to this defendant and, furthermore, he was one of the chief spokesmen of said jury, and exerted considerable influence over it."

This affidavit was controverted by an affidavit from the said juror from which it appears that his alleged inspection of the building was casual and incidental. He passed the building frequently on his way from

his home to the business section of the city. He did not enter the building and positively denies that his casual inspection to any degree influenced his verdict. In this denial he is supported by the affidavits of five other jurors. From these affidavits it appears that said Christensen did not communicate to the other jurors his view of the building. Before any discussion occurred in the jury-room after the jury retired to deliberate a ballot was taken resulting in ten for the plaintiff. Any presumption, therefore, that might be properly indulged that the view made by the juror was prejudicial to the defendant is overcome by the affidavits of the other jurors.

From the nature of the case we do not see how the unauthorized view by the juror Christensen could have influenced him in arriving at a verdict. The manner of the construction of the building was not in issue. The fact that no fire-escapes were on the building at the time of the accident was conceded. The fact that a fire-escape had been put on the building since the accident was not controverted. The only possible effect the view could have had, in our opinion, was to have given to the juror a more vivid mental picture of the premises and the evidence he had heard. We do not believe that such could have reasonably influenced his deliberations or the verdict at which he arrived.

All of the authorities relied upon by the defendant, where a new trial was granted because of an unauthorized view by one or more of the jurors, were such that the premises or contrivances viewed were directly involved in the issues submitted to the jury.

"Thus, in an action against a railroad company for damages for personal injuries received because

115 Or.—23

of an alleged defective switch, an improper inspection by a juror of the operation of the switch will be ground for a new trial in the absence of evidence that such action did not influence the verdict.'' 20 R. C. L. 261, § 43.

In *Driscoll* v. *Gatcomb,* 112 Me. 289 (92 Atl. 39, L. R. A. 1915B, 702), is found a collection of cases illustrating the principle employed in determining motions for new trial because of the unauthorized view by a juror. In this list of cases it will be found that where the unauthorized view thereof was casual, incidental and such as not reasonably calculated to influence a jury in arriving at a verdict, the new trial was denied. An illustrative case is *Brodie* v. *Connecticut Co.,* 87 Conn. 363 (87 Atl. 798), where an action was brought to recover for a personal injury in trying to alight from a street-car, the jury being already familiar with the location. In the instant case the juror who made the view was familiar with the location. Other cases in point are: *Rudy* v. *Headley,* 103 Kan. 417 (173 Pac. 913, 914); *Collins* v. *Splane,* 230 Mass. 281 (120 N. E. 66, 68); *City of Emporia* v. *William Juengling,* 78 Kan. 595 (96 Pac. 850, 19 L. R. A. (N. S.) 223); *Caldwell* v. *City of Nashua,* 122 Iowa, 179, 182 (97 N. W. 1000); *City of Indianapolis* v. *Scott,* 72 Ind. 196, 205. See, also, 29 Cyc. 802.

It is contended by the defendant that the granting of a new trial because of the misconduct of a juror is in the discretion of the trial court. This claim is conceded by the plaintiff, who claims that the discretion is a legal one, and will be reversed by this court for abuse thereof. In our opinion the learned circuit judge abused his discretion in granting a new trial on the showing made. The plaintiff is

not accused in any way of participating in the unauthorized view made by the juror Christensen. He should not be made to suffer for the misconduct of that juror unless the evidence should show that such misconduct influenced the verdict unfavorably to the defendant. From a careful consideration of the evidence and all the authorities cited, we do not believe that the casual view made by the juror had any influence whatever on the verdict returned. The plaintiff, therefore, is entitled to a judgment upon the verdict. He should not be put to the expense and trouble of another trial because of the formal misconduct of a juror, for which he was in no way responsible and which was not prejudicial to his antagonist.

"Not every unauthorized view of the *locus in quo* will require the setting aside of a verdict. Considerations of practical justice forbid it. It would be an injustice to deprive an innocent party of his verdict simply because there was a casual inspection of the premises by some of the jurors or because they were familiar with them. If verdicts were set aside for such reasons there would be no reasonable limits to litigation, especially in cities where the opportunities are great for jurors personally to view the locality of an accident under consideration. A caution in such cases by the trial court to the jurors at the commencement of the trial not to examine the locality except by order of the court would not, in all cases, prevent such examination, although in the majority of cases it probably would, as no upright juror would disregard the injunction of the court. But, where the gist of the action is the character or condition of the *locus in quo* or where a view of it will enable the jurors the better to determine the credibility of the witnesses or any other disputed fact in the case, if in such a case, jurors, without the permission of the court or knowledge of the parties, visit the locality for the express pur-

pose of acquiring such information, their verdict *will be set aside*, unless *it is clear* that their misconduct could not and did not influence their verdict. It cannot be tolerated that jurors should go on a private search for evidence in such cases and make an inspection of their own accord, because the parties have no opportunity of meeting, explaining or rebutting evidence so obtained. This rule must be given a reasonable operation and not be applied where there is only a possibility that the result was influenced by the alleged misconduct; but it is to be applied where the court cannot determine with any reasonable certainty whether the result was affected or not. *Koehler* v. *Cleary,* 23 Minn. 325; *Aldrich* v. *Wetmore,* 52 Minn. 164 (53 N. W. 1072); *Woodbury* v. *City of Anoka,* 52 Minn. 329 (54 N. W. 187).''

The issues framed in the instant case were submitted to the jury and we believe they were impartially considered by that jury. Technical objections were made to the consideration of the evidence supporting the motion for the new trial, which we do not deem necessary to pass upon. Because the alleged misconduct of the juror, in our opinion, could not have influenced the verdict returned by the jury, the learned circuit judge abused his discretion in setting aside the judgment based upon the verdict. The Circuit Court is reversed, the case remanded, with directions to enter a judgment upon the verdict of the jury.

REVERSED AND REMANDED, WITH DIRECTIONS.
REHEARING DENIED.

McBRIDE, C. J., and BURNETT and RAND, JJ., concur.