Argued November 23, 1932; reversed January 10, 1933

## ERICKSON *v.* LOVEGREN ET AL.

(18 P. (2d) 214)

*George P. Winslow,* of Tillamook, for appellant.

*Joseph Van Hoomissen,* of Portland (T. H. Goyne, of Tillamook, on the brief), for respondent Lovegren.

*John Lichty,* of Portland, for respondent Metropolitan Casualty Ins. Co.

KELLY, J. On the 3d day of September, 1931, a judgment was entered herein against defendants and in favor of plaintiff.

On the 4th day of September, 1931, each defendant filed a motion for a new trial.

The term of court, during which said judgment was entered, began on Monday, May 4, 1931, and the succeeding term began Monday, October 5, 1931. (Section 28-918, Oregon Code 1930.)

On November 2, 1931, an order was made, which, omitting the title and caption, is as follows:

"This cause having been argued orally and submitted upon briefs and the court having reserved the questions involved for further consideration and to enable the parties to amicably adjust and determine their differences, and the court being now fully advised,

"It appearing that there is error of law in the court's instruction to the jury and that the verdict is therefore founded upon such error and

"It further appearing that the verdict of the jury is excessive and the court can affirmatively say there is no evidence in the record to support the verdict of the jury.

"It is therefore ordered that the verdict of the jury returned in this cause be set aside and a new trial be and is granted to the defendant.

"GEO. R. BAGLEY, Judge.

"Nov. 2nd, 1931."

In the bill of exceptions herein, the learned trial judge certifies that no order was made or entered continuing defendants' motions for a new trial for advisement or for want of time to consider said motions.

Among other things, section 2-803, Oregon Code 1930, provides:

"The motion [to set aside a judgment and for a new trial] shall be heard and determined during the term, unless the court continue the same for advisement, or want of time to hear it," etc.

It is stated in the brief of defendant, Metropolitan Casualty Insurance Company, that prior to the expiration of the term in which the case was tried, that is prior to the 5th day of October, 1931, the attorney for the appellant (plaintiff) Erickson requested the trial judge not to rule upon the motion for a new trial, but to hold the same in abeyance and give him a chance to conclude negotiations for a proposed

settlement of this case together with several associate cases which were pending between Lovegren and one Gulden, and Erickson, and the court did not rule on the matter earlier by virtue of that request.

The distinguished and experienced trial judge made a supplemental certificate in this case as follows:

"I further certify that I was informed that there were negotiations for a settlement of this cause, together with several associate cases which were pending between Lovegren, Gulden and the plaintiff, Erickson, including the case of Gulden v. Erickson, which had been set for trial for October 8, 1931, and continued at the request of Mr. Joseph Von Hoomissen for the reason that Gulden was seriously ill; that said information for the proposed settlement was received from Geo. P. Winslow, the attorney for plaintiff in this cause; that at this time I do not know whether I received said information in regard to said proposed settlement before or after the 8th day of October, 1931; that I have no way to refresh my memory as to the exact date that I first received said information.

"In witness whereof, I have hereunto set my hand this 12th day of September, 1932.

"GEO. R. BAGLEY, Circuit Judge."

This supplemental certificate fails to disclose, and it does not appear elsewhere in the record, that the representations made by plaintiff's attorney concerning the pendency of a proposed settlement were made before October 8, 1931, or were the inducing cause, or had any influence in the matter of postponing the consideration of the motion for a new trial from one term of court to another. The affidavits filed in this court on that point are no part of the record.

In plaintiff's brief, it is denied that any such representations were made until after October 8, 1931, the date fixed for the trial of one of the associate cases, when, as stated in the certificate above set out,

it became known that on account of sickness, one of the parties was unable to attend said trial at the appointed time.

In *Rosumny v. Marks,* 118 Or. 248, 253 (246 P. 723), Mr. Justice BEAN (who has just retired as Chief Justice) said:

"A request on the plaintiff's behalf that the hearing of the motion for a new trial be postponed until Mr. Silverman, attorney for plaintiff, returned to Portland, coupled with the fact that plaintiff subsequently contested the motion for a new trial on its merits, without raising the question of procedure, would tend to preclude the plaintiff from objecting that no order of continuance was entered in the case. The court delayed the hearing for the convenience of plaintiff and she should not thereafter be permitted to complain."

In that case an additional reason for upholding the order granting a new trial was that on the last day of each term of court, there was a general order entered continuing the hearing of all motions for a new trial until the next regular term.

The record of the instant case does not place it within the doctrine of the Rosumny-Marks case.

The case at bar is one wherein the court has no discretion. The statute above quoted is controlling. The circuit court was without authority to make the order appealed from setting aside its former judgment and granting a new trial: *Frank v. Matthiesen,* 115 Or. 349 (236 P. 754); *Purdy v. Van Keuren,* 62 Or. 34 (123 P. 1070).

It is ordered that the judgment of the circuit court granting a new trial be and the same is hereby reversed and this cause is remanded with directions to enter a judgment upon the verdict of the jury.

CAMPBELL and ROSSMAN, JJ., concur.

RAND, C. J., dissents.