STATE in Interest of CHRISTENSEN v. CHRISTENSEN.

No. 7559.    Decided February 20, 1951.    (227 P. 2d  760.)

See 43 C. J. S., Infants, Sec. 8. Constitutionality of statute committi 1g child to reformatory without parent's consent, see note 60 A. L. R., 1342. See, also, 31 Am. Jur. 786.

*Lewis Larson,* Manti, for appellant.

*Clinton D. Vernon,* Atty. Gen., *G. Hal Taylor,* Asst. Atty. Gen., for respondent.

WOLFE, Chief Justice.

This is an appeal from a decree of the Juvenile Court in and for Sanpete County committing Lynn Lueorn Christensen to the State Industrial School, the court having previously adjudged him a delinquent child.

On February 21, 1950, Lynn, then a boy of fourteen years of age, appeared before the court below in a hearing on a petition alleging his delinquency. Specifically, it was alleged that he had entered a dressing room in the gymnasium of the Snow College in Ephraim and unlawfully taken money from the clothing of others and that he had unlawfully made a house-to-house canvass for funds which were purported to be for a school party. In addition, at that hearing one Calvin Kempf, a probation officer, reported to the court that he had found that Lynn had been molesting girls of the elementary grades and that he had attempted to take indecent liberties with a three-year-old girl. At the conclusion of the hearing, the court adjudged Lynn a delinquent child and ordered him committed to the State Industrial School until he reached the age of twenty-one or was sooner discharged. However, execution of the order of commitment was suspended until May 15, 1950, at which time the conduct of Lynn was to be reviewed. He was placed on probation under the supervision of Mr. Kempf, the probation officer, and Lynn's uncle, Ruel Christensen.

Subsequently, on May 11, 1950, Mr. Kempf petitioned the

court for a rehearing of the case for a modification of its order. He alleged that Lynn had violated the order of probation in that he "did on May 10, 1950, and on several other occasions, steal a bicycle belonging to Beth Stewart of Ephraim, Utah; that he did damage the tires and the seat of said bicycle; that he had the bicycle without permission of Beth Stewart and her family; that during the past few weeks on several occasions, said child did unlawfully enter class rooms in the Jr. High School, even after being advised not to enter, said rooms were not school rooms in which said child has classes; that he has, on different occasions during the past few weeks, entered the girls' dressing room unlawfully and that he has, also, on different occasions made indecent advances toward girls in the First, Second and Third Grade of Elementary School; that the above actions are similar to those of which said child has been accused during the past year and said child has been warned against continuing such action." At the hearing on the petition for rehearing and modification held on June 1, 1950, Lynn denied the commission of any of the acts with which he was charged in violation of the order of probation. The court found that he had violated his probation and ordered him committed to the State Industrial School.

It is urged by the appellant that it is error to commit a child to the State Industrial School simply because he has defective vision which retards his progress in school. Were that the reason for Lynn's commitment, we would have no difficulty in reversing it. However, Lynn's vision was at no time made an issue in the case and he was not committed because of poor vision. It appears that on April 15, 1950, while Lynn was on probation, he was taken to the State Training School by his father for a physical and psychological examination. Thereafter, Dr. H. H. Ramsey, superintendent of the Training School, in a letter addressed to the judge of the juvenile court, reported the results of the examinations given Lynn. Dr.

Ramsey stated that the physical examination disclosed that Lynn was a healthy youth with no deformities, defects, or illness apparent and that "the only probable defect which I found was with reference to his vision which apparently has been corrected by glasses." This is the only reference in the evidence to Lynn's vision. No mention is made by the court in its findings of fact of Lynn's vision. It is clear that the court did not in any wise place its order of commitment upon that ground.

The court did not err in failing to place under oath, certain of the children who testified at the hearing on June 1st as to Lynn's deportment. At one point in the course of the hearing, counsel for the appellant asked the court: "Isn't the Court swearing these young witnesses?" The court replied: "Because of the young age, the Court feels they do not appreciate the meaning of an oath, but are of an age where they will state facts as they know them. For this reason, the other witnesses were not sworn. If you wish your witness sworn, the Court will do so." Under the broad discretion given the juvenile courts of this state in regard to the manner and form of procedure to be followed in conducting hearings to inquire into the alleged delinquency of children, the court may, if it deems it advisable, allow children to testify without being sworn. In this regard, Sec. 14-7-25, Utah Code Annotated, 1943, provides, so far as is applicable here:

"In all cases relating to the delinquency, neglect, dependency or other cases of children and their disposition the court shall be regarded as exercising equity jurisdiction. The court may conduct the hearing in an informal manner and may adopt any form of procedure in such cases which it deems best suited to ascertain the facts relating to such cases and to make a disposition in the best interests of such children and of the public. * * * The court may hear evidence in the absence of such children, and may compel children to testify concerning the facts alleged in the petition. * * *"

The appellant further assigns as error the admission into evidence of two letters sent to the judge of the court below,

on the ground that the letters contained hearsay statements.. One of these letters was written by Leland E. Anderson, Superintendent of the South Sanpete School District, in which he reported the results of "Progressive Achievement Tests" given to Lynn. The other letter to which the appellant objects is the letter from Dr. Ramsey, heretofore mentioned, in which the results of a physical and psychological examination given Lynn are reported to the court. Sec. 14-7-25, U. C. A. 1943, provides, in part, that:

" * * * The court shall inquire into the home environment, history, associations and general condition of such children, may order physical and mental examinations to be made by competent physicians, psychologists and psychiatrists, and may receive in evidence the *verified reports* of probation officers, physicians, psychologists or psychiatrists concerning such matters." (Italics added.)

The letter from Superintendent Anderson was verified but the letter from Dr. Ramsey contained no verification. While technically the court erred in admitting in evidence the letter from Dr. Ramsey because it did not comply with the above statute in regard to verification, counsel had not pointed out nor are we able to see how Lynn was prejudiced thereby. The letter from Dr. Ramsey reported that his examination of Lynn disclosed that he was in good physical condition, but that he was retarded mentally. As to Lynn's mental ability, the letter reported nothing that was not contained in the letter from Superintendent Anderson which was clearly admissible.

It was not necessary, as contended by the appellant, that as a condition precedent to committing Lynn to the State Industrial School, the court should have found that Lynn's parents were unfit to have custody of him. As pointed out in the case of *In re State, in Interest of Bennett,* 77 Utah 247, 293 P. 963, 966, prior to 1919 the statutes of this state required a finding of unfitness of the parents before a child could be committed to the State In-

dustrial School. However, in 1919 the legislature of this state repealed that requirement and since that time a child may be, committed although his parents are fit to have his custody. In commenting on the amendment of 1919, this court in the Bennett case said:

"It may well be that parents are generally fit to have the custody of their children, and yet they may be unable to prevent one or more of their children from committing acts of delinquency and thus from becoming criminals and a menace to society. When it is made to appear that a parent or parents of a child know that said child is committing acts of delinquency and that they are unable to control such child and prevent him from further wrongdoing, the interest of the child as well as the protection of society may well demand that the parents surrender their custody of their child to the state so that, if possible, the child's evil tendency may be corrected and society protected. If, therefore, the parents, parent, custodian or guardian of a delinquent juvenile are or is otherwise fit to have the control and custody of the juvenile, but cannot prevent him from wrongdoing, then and in such case the juvenile court may commit such juvenile to the industrial school when the best interests of the juvenile or the protection of society demand such commitment."

Section 14-7-31, U. C. A. 1943, while giving parents a preferred right to custody of their children, does not make a finding of unfitness of the parents a condition precedent to the commitment of a child to the State Industrial School. The lower court did find, however, that Lynn "is in need of specialized, supervised treatment, and that from the experience of said child while on probation, he is not able to get such help in his home or in the community; it is therefore to the best interests and welfare of said child that he be committed to the State Industrial School until he reaches the age of twenty-one (21) or is sooner discharged by due process of law."

As a further ground for reversal, the appellant contends that the court erred in admitting in evidence testimony as to matters which were not embraced within the allegations of the petition for rehearing of the case and modification of the court's order. Assuming that the admission of such testimony was erroneous because it was outside of the allegations of the petition charging

Lynn with violating the order of probation, the appellant cannot complain of that error on appeal because he failed to object to the admission of such testimony at the hearing.

There is no error. Judgment affirmed.

WADE, LATIMER, McDONOUGH and CROCKETT, JJ., concur.