## MOLESWORTH
### v.
### CAPITAL TRANSIT CO.
### No. 11818.

United States Court of Appeals
District of Columbia Circuit.

Argued May 18, 1954.

Decided June 17, 1954.

Petition for Rehearing Denied
Aug. 24, 1954.

Mr. Bryce Rea, Jr., Washington, D. C., with whom Mr. Rodney J. McMahon, Washington, D. C., was on the brief, for appellant.

Mr. John P. Arness, Washington, D. C., with whom Mr. Frank F. Roberson, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER, and BAZELON, Circuit Judges.

PER CURIAM.

This is an appeal by the plaintiff from a judgment for the defendant in a suit for personal injuries. The plaintiff testified she had severe headaches after, but not before, the accident. Defendant's counsel then asked her whether she did not have headaches after a traffic accident in Minnesota in 1939. She conceded that she had a skull injury which knocked her unconscious, but she said "No, I didn't have any headaches." This colloquy followed:

"Q. Let me refresh your recollection, Mrs. Molesworth, by asking you about the complaint that was filed in your behalf in that accident. Referring to paragraph 5 of that complaint it stated that: 'She received a severe and painful injury to her head as a result of which she was in a state of unconsciousness for a considerable period of time, and as a result of which she is now suffering and will in the future suffer severe and painful headaches.' A. I don't even know about that.

"Q. Is that correct? A. I don't know. If it is on there it must be. I had backaches. I was in the hospital with back and chest injuries.

"Q. Your attorney was Mr. Palarine? A. Yes.

"Q. And you discussed that accident out there with him before he filed a lawsuit for you? A. I must have.

"Q. Didn't you tell him what the injuries were? A. No; I let him get that from the doctor, I guess."

The plaintiff's counsel, who was not her present counsel, permitted all this to go into the record without objection.

The defendant's counsel next asked the plaintiff: "Does this refresh your recollection any as to whether you suffered any headaches?" Plaintiff's counsel said "I object to that, Your Honor. * * * I think he should show her the whole file." The court overruled the objection. The plaintiff answered: "I don't recall of having headaches. No; I didn't have headaches. I had backaches and chest injuries."

The court afterwards received in evidence a certified copy of the complaint in the Minnesota suit. It did so over the objection of plaintiff's counsel that "There is no testimony at all showing that she ever saw this. * * * This is just a pleading that the lawyer prepared."

The jury returned a verdict for the defendant.

The defendant contends that even if the admission of the Minnesota com-

plaint was erroneous, which the defendant denies, it was harmless because the matter concerned only damages and the jury found no liability. But the contradiction between the Minnesota complaint and the plaintiff's testimony was injurious to the plaintiff's credit as a witness, and therefore we cannot assume it did not affect the verdict. However, the harm was done when defendant's counsel read to the plaintiff, in the jury's presence, the pertinent part of the Minnesota complaint. Since this was done without objection, it raises no legal question. And since the subsequent admission of the complaint itself did not add materially to the harm, we need not consider whether in our opinion its admission was correct. "No error in either the admission or the exclusion of evidence * * * is ground for * * * disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. * * *" Rule 61, Fed.Rules Civ.Proc. 28 U.S. C.A.

Affirmed.