Argued September 15, reversed and remanded October 26,
petition for rehearing denied December 7, 1960

# THOMAS *v.* DAD'S ROOT BEER, ETC.

356 P. 2d 418
357 P. 2d 418

*Nels Peterson,* Portland, argued the cause for appellants. On the briefs were Peterson & Lent and Charles Paulson, Portland.

*Robert H. Hollister,* Portland, argued the cause for respondent. On the brief were Hollister & Thomas, Portland.

Before McALLISTER, Chief Justice and WARNER, SLOAN, O'CONNELL and HOWELL, Justices. '

HOWELL, J. (Pro Tempore)

Plaintiff appeals from a judgment for defendant in an action for damages arising out of an auto accident.

Plaintiff's first assignment of error is based upon the failure of the court to sustain his objection to certain testimony from a police officer not a witness to the accident concerning the location of the point of impact in the street. The trial court later instructed the jury to disregard this testimony. The admissibility of testimony of this nature has not been decided in this state. Other jurisdictions appear to be divided. 66 ALR2d 1043. We believe that a jury is as well able to draw its own inferences and reach its own conclusions from the facts presented as is a witness who was not present at the time of the accident. This type of evidence is analogous to estimates of speed by one not an eyewitness. Competent and qualified eyewitnesses who have observed a vehicle in motion are qualified to testify as to its rate of speed at the time of the accident. *Bailey v. Rhodes, Adm.,* 202

Or 511, 276 P2d 713. If the witness only heard the sound of the vehicle, he may testify whether its movement was rapid or slow, but not as to the rate of speed in miles per hour. *Marshall v. Mullin,* 212 Or 421, 320 P2d 258. One not an eyewitness to an accident cannot give his opinion of the rate of speed based upon physical facts at the scene of the accident, because the jury is as well able to draw its own inference and form its own opinion from the facts presented as is the witness. *Bailey v. Rhodes, Adm.,* supra. The rule that such testimony is inadmissible is salutary and should apply also to testimony from one not an eyewitness to the accident concerning the point of impact upon the highway.

However, we would not remand the case for a new trial upon this ground, because the officer's testimony concerning the point of impact was completely unintelligible and could not have influenced the jury.

There is no merit in plaintiff's second assignment of error concerning the court's instructing on contributory negligence.

Plaintiff's third assignment of error presents a more serious question. He asserts he should have been granted a new trial because of misconduct of one of the jurors, who he claims conducted an experiment at the scene where the accident occurred. Plaintiff's motion for a new trial upon this ground was not acted upon by the trial court because of conflict in the schedules of respective counsel and was, therefore, deemed denied by virtue of ORS 17.615.

■ The defendant asserts that the denial of a motion for a new trial will not be reviewed on appeal. However, as this assignment of error involves the alleged misconduct of a juror, the denial of the motion for a new trial will be considered on appeal. The rule

that the assignment of error of a denial of a motion for a new trial will not be reviewed on appeal has a well-recognized exception. Where the motion for a new trial is based upon misconduct of a juror, which did not come to the knowledge of the party making the motion for a new trial until after the verdict is returned, or where there has been newly discovered evidence which was not known at the time of trial, the denial of a motion for a new trial will be considered on appeal. *State v. Evans,* 98 Or 214, 192 P 1062, 193 P 927; *Benson v. Birch,* 139 Or 459, 466, 10 P2d 1050; *Sullivan v. Carpenter,* 184 Or 485, 199 P2d 655; *Klemgard et al. v. Wade Seed Co.,* 217 Or 409, 420, 342 P2d 757.

The accident in this case occurred on a curve on Terwilliger boulevard in the city of Portland. There was a sharp conflict in the testimony concerning the speed of the respective vehicles and their locations upon the highway at the time of the collision. One of the passengers in plaintiff's car, a Miss Edstrom, testified that plaintiff was driving about 20 miles per hour and that his car was about a foot and a half from the right-hand edge of the highway. The defendant, on the other hand, contended the accident occurred in his lane of traffic and that the plaintiff was traveling at a "high rate of speed."

One of the jurors customarily used either Barbur boulevard or Terwilliger boulevard as his route to and from the courthouse. He testified before the presiding judge of Multnomah county as follows:

"I told the jury that on my way home I had watched my speedometer to observe the speed which I normally used at the scene of this accident. I told them that making the turn at the bottom of the hill at approximately twenty miles an hour and

driving normally and carefully my car was doing
thirty miles an hour at the turn. I also mentioned
that at thirty miles an hour I could keep my right
wheels on the extreme right-hand side of the pave-
ment, which allowed approximately eight feet from
the left side of my car to the yellow center line.
I also mentioned that from observation I could
never remember seeing a car make that turn at
a speed as low as twenty miles per hour.

"Q  Was there anything else you told the jury
during their deliberations about this?

"&  *  *  *  *  *

"A  I questioned the accuracy of the testimony
given by Joanne Edstrom in that her statement
that the car was within a foot and a half of the
right edge of the pavement and travelling at twenty
miles an hour, or less.

"&  *  *  *  *  *

"Q  At that time during the deliberations you
told the jurors that you had checked the road, your
own speedometer, on your car.  Is that correct?
"A  Yes.

"Q  Is it correct you told them that you had
checked at the bottom of the hill at twenty miles
an hour, that when you got to the first turn, which
is where the accident happened, is that correct?
"A  Yes.

"Q  That you checked your speedometer and you
were going thirty miles an hour?
"A  Yes.

"Q  Is that right?
"A  Approximately thirty, yes.

"Q  And you told them where the location of
your car was on the road?
"A  Right."

■ The defendant filed affidavits from 10 of the
jurors to the general effect that they were not influ-
enced by any statements made by the offending juror.

The verdict was nine to three for the defendant. Unfortunately we do not have the benefit of the trial court's discretion, because the motion for a new trial was not ruled upon and was automatically denied by ORS 17.615. Under the circumstances, therefore, we cannot say that it is clear that the "misconduct could not and did not influence the verdict." *Frank v. Matthiesen,* 115 Or 349, 356, 236 P 754; *Schneider v. Moe,* 151 Or 353, 357, 50 P2d 577. See also *Eckel v. Breeze,* 221 Or 572, 352 P2d 460.

■■ The defendant questions the regularity of the taking of the juror's testimony before the presiding judge on the grounds that he had no notice and that the juror was not sworn. Defendant's counsel was present and cross-examined the witness. He made no objection to the witness not being sworn. This constituted a waiver of any objection. *State v. Doud,* 190 Or 218, 225 P2d 400. Defendant also states that the testimony of the offending juror was not filed with the motion for a new trial. It did not have to be, for the short transcript shows that the sworn testimony of two other jurors used by the plaintiff in support of his motion was incorporated in the motion for a new trial.

Being unable to say that the conduct of the juror did not influence the verdict, we reverse the judgment for defendant and remand the case for a new trial.

**ON REHEARING**

Hollister & Thomas, Portland, filed a brief in support of the petition.

No appearance contra.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Howell, Justices.

HOWELL, J. (Pro Tempore)

In a petition for rehearing the defendant asserts that the original opinion incorrectly stated the facts when it was said, "He [meaning the offending juror who conducted and reported the experiment] testified before the presiding judge of Multnomah county." The defendant is correct. The juror did not appear before the presiding judge. His testimony was, however, taken at the Multnomah county courthouse before an official reporter. While the witness was not placed under oath, both counsel were present. The examination was conducted first by plaintiff's counsel, and then defendant's counsel cross-examined the witness. No objection was raised by counsel to the fact the witness was not sworn. This clearly constituted a waiver.

"* * * When a defect such as alleged here [failure to swear witness] is known at the time,

the defect must be taken advantage of at once and the failure to do so is such acquiescence in the testimony as will preclude objection after the verdict." *State ex rel. Tucker v. Alvis* (Ohio), 89 NE2d 328.

"Both in civil and in criminal trials and in administrative hearings conducted without traditional court ritual, the right to object to the failure to have a witness properly sworn may be waived by failing to object in time * * *." 98 CJS 22, Witnesses § 320.

In addition to *State v. Doud,* cited in our original opinion, see the following: *Title Guarantee & Trust Co. v. Wilby,* 78 Ohio App 183, 69 NE2d 429; *Martin v. Wolfson,* 218 Minn 557, 16 NW2d 884; *State v. Hope,* 100 Mo 347, 13 SW 490, 8 LRA 608; *State v. Embrey,* 62 N Mex 107, 305 P2d 723; *Wenham Transportation, Inc. v. Radio Const. Co.,* 190 Pa Super 504, 154 A2d 301; 3 Wharton's Criminal Evidence 197, § 836.

We have considered the petition for rehearing in its entirety and except for the above correction, we adhere to the original opinion.

The petition for rehearing is denied.