Ralph E. ECKIS, Appellant,

v.

GRAVER TANK & MANUFACTURING CO., Inc., a Delaware Corporation, Appellee.

No. 16969.

United States Court of Appeals Ninth Circuit.

April 25, 1961.

Buss & Pihl and H. Kent Holman, Portland, Or., for appellant.

Mautz, Souther, Spaulding, Kinsey & Williamson, Gordon Moore and Roland F. Banks, Jr., Portland, Or., for appellee.

Before CHAMBERS, ORR and KOELSCH, Circuit Judges.

ORR, Circuit Judge.

This tort action was brought by the appellant in the United States District Court for the District of Oregon and resulted in a jury verdict for the appellee, Graver Tank & Manufacturing Co., Inc. The sole error alleged is that the trial court permitted a highway patrolman to state his opinion as to the point of impact in the collision involved here, based on physical conditions he found at the scene of the collision.

On April 17, 1957, appellant Ralph E. Eckis was driving his car in a southerly direction on U. S. Highway 97 in Jefferson County, Oregon. At the same time Floyd E. Holliday, an employee of appellee corporation, was driving appellee's truck in a northerly direction on the same stretch of highway, acting in the scope of his employment. In passing each other the left sides of the two vehicles collided, as a result of which appellant lost his left arm and suffered other injuries.

The highway where the accident occurred is about twenty-three feet wide with an intermittent yellow center stripe. Although other cars were following both vehicles at the time of the collision, no one in those cars was able to say which vehicle was on the wrong side of the center stripe when the accident occurred. Appellant testified that he was on his side of the center and therefore the truck must have crossed over the center line, although he never saw it do so. The truck driver, on the other hand, testified that appellant's car suddenly came across the center line at a thirty degree angle and collided with the truck on the truck's side of the road.

After the accident appellant brought his car to a stop a short distance down the road, got out and laid down until an ambulance arrived. Mr. Holliday pulled appellee's truck off to the shoulder of the road. An oil filter attached to the right front fender of the truck was broken by the collision, as was a waterbag hanging on the aerial of appellant's car.

Within a short time following the accident Oregon State Police Officer Robert S. Nichols arrived at the scene; he questioned the persons present and took various measurements, etc., of the physical conditions he found at the scene. He was a witness at the trial. He testified in detail as to the physical conditions he found at the scene of the accident. During this testimony and without objection he several times expressed opinions relating to where the accident occurred. Near the conclusion of his examination in chief the direct question was asked whether he had an opinion, based upon his past experience in investigating similar accidents, as to where the point of impact was situate. Appellant objected to the question on the ground, among others, that this invaded the province of the jury. The objection was overruled and Officer Nichols was permitted to testify that in his opinion the accident occurred on the truck's side of the road. As we have said, this is the sole error asserted here.

Rule 43(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., states in relevant part:

"All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs * * *."

It is fairly clear that under the law of Oregon, the district in which this case was heard, the opinion of an investigating police officer as to point of impact is not admissible, the officer not being an eyewitness to the accident. Thomas v. Dad's Root Beer & Canada Dry Bottling Co., Or.1960, 356 P.2d 418; Bailey v. Rhodes, 1954, 202 Or. 511, 276 P.2d 713. It is also certain that there is no federal statute dealing with this issue, and apparently no federal equity cases have ever considered it. However, appellee argues that when no federal equity cases exist federal law cases can be used to establish the federal equity rule, employing the maxim that "equity follows the law" in matters of evidence. There is some support for this asserted rule. Een v. Consolidated Freightways, D.C. N.D.1954, 120 F.Supp. 289, affirmed 8 Cir., 1955, 220 F.2d 82; Greene, "The Admissibility of Evidence Under the Federal Rules", 55 Harvard Law Review 197, 201–202 (1941). Other writers and cases interpret the provision literally and find little help in this part of Rule 43(a) since there are few federal equity cases dealing with questions of evidence. Wright v. Wilson, 3 Cir., 1946, 154 F.2d 616, 619, 170 A.L.R. 1237; 1 Wigmore, Evidence, § 6c, p. 201 (3rd ed. 1940).

We do not resolve this question here because the instant case must be affirmed on another ground. Rule 61 of the Federal Rules of Civil Procedure, 28 U.S. C.A., states in relevant part:

"No error in either the admission or the exclusion of evidence * * * is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

As we have noted, prior to the time Officer Nichols gave his express opinion as to the point of impact he testified that he had formed such an opinion from certain conditions he had observed and he discussed those conditions in detail, expressing several opinions regarding the point of impact in doing so. This testimony, which was given without objection from appellant, follows:

"Q. First of all, did you make a determination of the point where the accident occurred? A. I did, from dirt, oil, and water spots that I found on the pavement.

"Q. Would you state, please, what you found on the pavement and where you found these various things? A. The dirt that was found on the pavement, *which fell from the vehicles on the impact*— if I may refresh myself from my notes (consults notes)—was five feet to the east of the center line.

"Q. What type of dirt was this? A. This is dry dirt that had originally been mud and caked on the underside of a vehicle.

*        *        *        *        *        *

"Q. What else did you find there, Officer? A. Eight feet to the north of the dirt there was a wet spot in the road, and I determined that *this wet spot was caused from a waterbag that had burst on impact.*

"Q. Which side of the road was that? A. It was six feet to the east of the center line.

"Q. Did you find anything else on the highway? A. Yes, there was an oil spot which had come out of the broken oil filter which was mounted on the rear of the right front fender of the truck.

"Q. Where was that spot, sir? A. It was seven feet north of the water spot and six feet east of the center line.

"Q. These three things then, you have related to us, were all found to the east of the center of the highway; is that correct? A. Yes, that is right.

\*   \*   \*   \*   \*   \*

"Q. Is there anything significant in the finding of dirt in a given area on the highway following an accident? A. Yes.

"Q. Will you state what that is? What is significant about that? A. In every accident where there is a collision that occurs, anything that's loose that adheres lightly to a metal substance will immediately fall from it, and mud and dirt on the underside of a vehicle *falls directly down.* It has a little distance to fall. Generally, a foot to two feet is the distance it will fall.

\*   \*   \*   \*   \*   \*

"Q. From these various things that you saw and these measurements that you made, were you in your professional capacity able to form an opinion as to the point where the impact occurred between the truck and the car?

"(Objection).

"(Overruled).

"The Court: What is your opinion—that is what the question is—as to where the point of impact was?

"The Witness: It is my opinion that the point of impact occurred where the dirt was found lying on the pavement on the east side of the center line." (Emphasis added.)

Officer Nichols had effectively expressed his opinion as to the point of impact before any objection was made. It will be seen that he said he had formed an opinion from the dirt, oil, and water spots on the pavement, that all of these spots were on the truck's side (the east side) of the road, and that the dirt spots were especially significant since dirt falls straight down upon impact. The answer to the question objected to was only a cumulative statement of the other testimony he had given before the jury without objection. Under such circumstances if it was error to admit the answer to the general question calling for an opinion the error was not prejudicial, and appellant was not thereby deprived of substantial justice. See Molesworth v. Capital Transit Co., 1954, 94 U.S.App. D.C. 216, 214 F.2d 860; Smith v. Doyle, 1938, 69 App.D.C. 60, 98 F.2d 341. The decision below must therefore be affirmed.

Affirmed.