364 P.2d 830

**DISABLED AMERICAN VETERANS' CLUB, CHAPTER NO. 8, a non-profit corporation of the State of Utah, Plaintiff and Appellant,**

v.

**Lamont F. TORONTO, Secretary of the State of Utah, Defendant and Respondent.**

No. 9399.

Supreme Court of Utah.

Sept. 18, 1961.

Bridwell, Reynolds & Cuthbert, David H. Bybee, Salt Lake City, for appellant.

Walter L. Budge, Atty. Gen., Gordon A. Madsen, Asst. Atty. Gen., for respondent.

WADE, Chief Justice.

This appeal is from a judgment of the Third Judicial District Court dismissing the petition of appellant herein for a writ prohibiting the Secretary of State for the State of Utah from proceeding with a hearing on an order to show cause why appellant's charter should not be revoked.

The record discloses that appellant pleaded guilty to a violation of the Utah State Liquor Law. Under the provisions of Sec. 16-6-13, U.C.A.1953, as amended by Laws of Utah for 1955, it is the duty of the Secretary of State to hold a hearing to determine whether nonprofit corporations incorporated or operating under the provisions of Chapter 6, U.C.A.1953, are operating in accordance with that law. That law prohibits, among other things, the violation of the Utah State Liquor Control Act. Upon

finding such a violation the Secretary "shall revoke the charter of such corporation."

The record further discloses that respondent held a hearing in accordance with the provisions of Sec. 16–6–13, U.C.A. as amended in 1955, and after such hearing revoked appellant's charter and ordered the forfeiture of the bond in the sum of $5,000, which was filed by appellant with the Secretary of State in compliance with the provisions of Sec. 16–6–13.1.[1]

Appellant does not seek a reversal of the Secretary of State's order revoking its charter, as well it might not under its plea of guilty to a violation of the Liquor Control Act, but argues that the Secretary of State should not have ordered the forfeiture of its bond because the District Court had fined the corporation $1,000 upon its plea of guilty of the liquor law violation. We find no merit to such argument. The bond was given for the express purpose of ensuring compliance with the laws of the State of Utah and was subject to forfeiture upon a revocation of the charter of a corporation for a violation of such laws. The action of a court in fining appellant upon a finding of guilt for a liquor law violation can in no way affect appellant's liability under its bond given to the Secretary of State as a condition to being allowed to maintain premises upon which liquor could be stored or consumed.

Affirmed. Costs to respondent.

HENRIOD, McDONOUGH, CALLISTER and CROCKETT, JJ., concur.

[1]. So far as pertinent here, Sec. 16–6–13.-1 U.C.A.1953, as amended, reads: "Clubs maintaining premises for storing or consuming of liquor—Bond—Form.—Every social club, recreational or athletic association, or kindred association, heretofore incorporated or to be incorporated under the provisions of this chapter, which now maintains or intends to maintain premises upon which liquor is or will be stored or consumed must procure and file with the secretary of state, and maintain thereafter, a good and sufficient bond in the amount of $5,000 with corporate surety or two personal sureties, approved by the secretary of state, which approval shall be given after such club or association has satisfied the secretary of state that each surety has assets within the state of Utah valued at not less than twice the amount of the said bond and is otherwise a good and secure surety for the sum of $5,000. Said bond shall be substantially as in the following form, to-wit:

"Know All Men By These Presents
"That AB, a non-profit corporation of the State of Utah, as principal, and CD, as surety, are held and firmly bound unto the State of Utah in the sum of $5,-000, for which payment well and truly to be made we hereby bind ourselves, and our representatives, assigns and successors, firmly by these presents.
"Dated this —— day of ——, 19——.
"The condition of this obligation is such that whereas the above bounden AB is incorporated as a non-profit corporation under the laws of the State of Utah.
"Now if the said AB, its officers and employees shall faithfully comply with the laws of the State of Utah in the conduct of said AB's affairs and activities then this bond shall be void, but if the charter of said AB is finally revoked pursuant to the terms of this chapter, then this bond shall be in force and payable to the Treasurer of the State of Utah for deposit in the general fund."