403 P.2d 651

The BOWLING CLUB, a non-profit cor-
poration of the State of Utah, Pe-
titioner and Appellant,

v.

Lamont F. TORONTO, Secretary of State of
the State of Utah, Respondent.

No. 10253.

Supreme Court of Utah.

June 24, 1965.

George E. Bridwell, Salt Lake City, for petitioner and appellant.

Phil L. Hansen, Atty. Gen. of Utah, Ronald N. Boyce, Asst. Atty. Gen. of Utah, Salt Lake City, for respondent.

WADE, Justice.

The Bowling Club, a non-profit corporation, appellant herein, sought a review in the Third Judicial Court of Utah of the action of the Utah Secretary of State revoking the corporate charter of said club and forfeiting the $5,000.00 bond posted by it under the requirements of Sec. 16-6-13.1, U.C.A.1953, because of violations of the Utah Liquor Control Act. The District Court refused to grant a Writ of Certiorari ordering the reinstatement of appellant's corporate charter and revocation of the forfeiture of its bond. This appeal is from the court's order dismissing the Bowling Club's petition for the Writ.

From the record it appears that in June 1964 about 75 bottles of alcoholic beverages and a large number of glasses were seized by police officers from the premises of the Bowling Club. In a hearing held on the libel action brought for the forfeiture of the bottles of alcoholic beverages and glasses so seized, the court granted the forfeiture and found as fact from the evidence presented that alcoholic beverages were being sold at the Bowling Club by its employees on a retail drink basis to persons who did not have bottles of liquor stored on the premises and that the bottles of alcoholic beverages were being stored on the premises and the glasses used for the purpose of illegal sales in violation of the Utah Liquor Control Act.

After the above action by the court the Bowling Club was served in September 1964 with an order to show cause by the Secretary of State for Utah why its charter should not be revoked and its bond forfeited under the provisions of Sec. 16-6-13,

U.C.A.1953,[1] for violations of the Utah Liquor Control Act. At the time set for hearing of the "order to show cause" the attorney for the Bowling Club appeared and presented a motion to quash the proceedings on the ground that proper notice of the hearing had not been given to the Bowling Club because the officers served were not its officers on the date of service. The notices had been sent by registered mail to the officers and directors of the Bowling Club listed in its articles of incorporation, no change of such officers and directors appearing in the office of the Secretary of State, and a further notice was also mailed, addressed to the Bowling Club at the premises occupied by it.

At the hearing the District Court's Finding of Fact, Conclusions of Law and Judgment of Forfeiture was introduced. Testimony was also presented by unsworn witnesses to the effect that they had purchased alcoholic drinks on a retail basis at the Bowling Club. Although the witnesses were not sworn, they were told that the truth was desired and they indicated that they would comply with this request. No witnesses appeared for the Bowling Club nor did its attorney take any further part in the proceedings other than outlined above. At the conclusion of the hearing the Secretary of State revoked the charter of the Bowling Club for violation of the liquor control provisions of Sec. 16–6–13, U.C.A. 1953 and forfeited the bond given by it in compliance with Sec. 16–6–13.1.

The Bowling Club contends that the Secretary of State's order revoking its charter and forfeiting its bond is void because the entire testimony upon which the order is based was unsworn and unattested oral statements.

Though it be conceded that where an administrative body is authorized to administer oaths to witnesses, it must do so,

---

1. "16–6–13. Clubs—Must be bona fide—Hearing—Notice—Revocation of charter.—The secretary of state shall require proof from any social club, recreational or athletic association, or kindred association, incorporating under the provisions of this chapter, that such club or association is a bona fide club or association, the object of which is not for pecuniary profit; that it is organized with actual participating members, a record of which membership will be continually maintained and available to the secretary of state; and that it will not be used for permitting gambling or any other violation of law or ordinance. The secretary of state shall hold a hearing, after notice, for purposes of determining whether a club or association incorporating or operating under this chapter is organized or operating in accordance with the law. Notice shall be sufficient if sent by registered mail to the principal place of business or to any of the officers of such club or association. If it is shown after a hearing that any such club or association (1) was actually organized for pecuniary profit, (2) was used for gambling or other purposes in violation of any law or ordinance including, but not limited to, violations of the Liquor Control Act, as amended, (3) has failed to maintain or make available to the secretary of state a record of its membership, or (4) * * *."

nevertheless, the failure to administer an oath to witnesses will not necessarily vitiate the proceedings unless a statute expressly requires the administering of the oath and the swearing of the witnesses may be waived.[2] The statute under which this hearing was held does not specifically require the administering of an oath to witnesses.

The Bowling Club had notice of the hearing. Its attorney was present but made it clear he was only making a special appearance for the purpose of presenting the motion to quash the proceedings on the alleged ground that proper notice had not been served on the Bowling Club. Under the facts shown in the record this motion was correctly denied by the Secretary of State. The Bowling Club had an opportunity to participate in the proceedings. Although from the questions asked the witnesses it was clear they were not sworn, no objection was made to the testimony elicited on that ground. Having failed to participate in the proceedings and to have objected when it had the opportunity to do so the Bowling Club waived its right to claim error on the ground that the unsworn statements of the witnesses did not constitute testimony upon which the Secretary

could base his decision to revoke the charter and forfeit the bond.

The Bowling Club next contends that Sec. 16–6–13, U.C.A.1953, was repealed by implication when the 1959 Legislature amended Sec. 32–8–7, U.C.A.1953, pertaining to the sales of intoxicating liquor by providing that every corporation which violates the provisions of Secs. 32–7–1 and 32–7–7 "shall be fined in an amount not to exceed $2500 or have its charter revoked by a court of record, or both." Prior to this amendment by the 1959 Legislature Sec. 32–8–7 did not provide for a penalty against a corporation nor did it provide for the revocation of a corporation's charter by a court of record in the event of conviction for violation of the provisions of Secs. 32–7–1 and 32–7–7.

It is to be noted that Sec. 32–8–7 deals with penalties upon conviction of violations of the Liquor Control Act whereas the statute under which the Secretary of State acted deals with the incorporation of non-profit corporations and revocation for failure to comply with the requirements of that statute regulating their activities. From the fact that the legislature saw fit to grant to courts of record the power to revoke the charters of a corporation which

2. 73 C.J.S. Public Administrative Bodies and Procedure, § 127; Duffard v. City of Corpus Christi (Texas), Tex.Civ.App., 332 S.W.2d 447; State v. Doud, 190 Or. 218, 225 P.2d 400, p. 408; Thomas v. Dad's Root Beer and Canada Dry Bottling Co. of Portland, 225 Or. 166, 356 P.2d 418, 357 P.2d 418; State in interest of Christensen v. Christensen, 119 Utah 361, 227 P.2d 760.

has been convicted of violation of the Liquor Control Act as a penalty it does not necessarily follow that it was the intent of the legislature to take that right away from the Secretary of State for violation of the provisions under which the charter was granted, even though one of those provisions deals with violations of the Liquor Control Act. The purposes of each statute are different. In the case of the revocation by the courts it is a penalty which may be imposed upon conviction of a criminal offense. In the case of the Secretary of State it is the result of the failure to comply with the conditions which the legislature has imposed upon a non-profit corporation for the retention of its charter. No conviction of a criminal offense is necessary to invoke the provisions of Sec. 16-6-13. Sec. 32-8-7 is part of the Liquor Control Act which applies to all persons and corporations whereas Sec. 16-6-13 deals solely with non-profit corporations and the conditions under which they may operate. That the penalty for violations may be similar does not make the statutes involved inconsistent with each other nor indicate a legislative intent that the earlier statute is repealed because the later statute also provides for the possible imposition of a penalty which is contained in the earlier statute. Repeal of a statute by implication is not favored by courts and unless the intention to repeal is so clear and manifest

that it would be unreasonable not to find such an intent the courts will not find a statute repealed by implication.[3] The similarity of results which may inure for the same act under both statutes does not require a finding by this court that the powers given to the courts of record and the Secretary of State are inconsistent with each other and that the legislature intended to repeal the power of the Secretary of State to revoke a charter of a non-profit corporation for violation of the Liquor Control Act because it also gave that power in a subsequent statute to the courts as a penalty which might be imposed on all persons upon conviction of certain violations of the Liquor Control Act.

■ The Bowling Club also contends that because for the same violation of the Liquor Control Act a corporation under the provisions of Sec. 32-8-7 may be fined up to $2,500.00 and its charter revoked and at the same time a non-profit corporation under the provisions of Sec. 16-6-13 may have its charter revoked and a bond in the sum of $5,000.00 forfeited, the combined effect is excessive fines and punishments which is prohibited by Art. 1, Sec. 9, of the Utah State Constitution. There is no merit to this contention. The penalties provided in Sec. 32-8-7 are punishment meted out upon conviction for a criminal offense. The revocation of the charter and the forfeiture of the bond by the Secretary of State are

---

3. 50 Am.Jur., Statutes, Sec. 538; Glenn v. Ferrell, 5 Utah 2d 439, 304 P.2d 380.

not meted out as penalties for a criminal offense. Rather it is done in furtherance of the conditions upon which a charter has been granted to a non-profit corporation for the privileges extended to it under the provisions of the statute under which it was voluntarily incorporated. The conditions upon which the charter is granted to a non-profit corporation is that it comply with the requirements of the act under which it is incorporated and that it furnish a bond in the sum of $5,000.00 for the faithful performance of those conditions. It is the violation of these conditions which subject it to revocation of its charter and forfeiture of its bond. The forfeiture of the bond is not a fine imposed upon the corporation but is the result of having failed to comply with the conditions upon which the charter has issued and for the faithful compliance of which the bond had been voluntarily given.[4]

Affirmed. No costs allowed.

McDONOUGH, CROCKETT and CALLISTER, JJ., concur.

HENRIOD, Chief Justice (dissenting).

Respectfully I dissent for the reasons I stated in Kent Club v. Toronto, 6 Utah 2d 67, 305 P.2d 870 (1957) and Entre Nous Club v. Toronto, 4 Utah 2d 98, 287 P.2d 670 (1955). I think any man, woman,

child or corporation is entitled to the application of fundamental principles of due process under the Constitution. I simply cannot believe that the legislation on the subject of this litigation affords it,—one man, one vote to the contrary notwithstanding. One administrative officer, usually political, deciding a matter in a case where unsworn testimony is decisive, reminds one of the pre-Tea-Party procedures which a lot of people died to abolish.

---

4. Kent Club v. Toronto, 6 Utah 2d 67, 305 P.2d 870; Disabled American Veterans' Club, etc. v. Toronto, 12 Utah 2d 213, 364 P.2d 830.