531 P.2d 400 (1975)
MONTE VISTA PROFESSIONAL BLDG., INC., a Colorado Corporation, et al., Plaintiffs-Appellees,
v.
The CITY OF MONTE VISTA, Colorado, et al., Defendants-Appellants.
No. 74-206.
Colorado Court of Appeals, Div. II.
January 21, 1975.
*401 Robert W. Ogburn, Monte Vista, for plaintiffs-appellees.
Eugene L. Farish, Monte Vista, for defendants-appellants.
Selected for Official Publication.
ENOCH, Judge.
The Board of Adjustment of the City of Monte Vista, Colorado, and the other named respondents, (the Board), appeal from a judgment of the district court which reversed part of the Board's ruling on an application for a use variance. We reverse the judgment of the district court.
The basic facts are not in dispute. The petitioners (the doctors) are a group of doctors and dentists doing business as the Monte Vista Professional Building, Inc. The doctors own a building located in an area zoned R-1 (Residential) in which they maintain a medical clinic. Though the zoning ordinances of the City of Monte Vista do not permit such a use in an R-1 zone, the doctors have been permitted to operate the clinic as a non-conforming use, due to the fact that the clinic was in existence when the zoning ordinance was enacted in 1969. In 1973 the doctors filed an application for a use variance requesting three things of the Board: (1) That the Board recognize the current operation of the clinic as a present non-conforming use, (2) that the Board grant a variance for the expansion of the building to make more clinical space available to the doctors, and (3) that the Board grant a variance allowing the doctors to locate an apothecary in the building which would be a retail drug outlet available to the general public as well as to the clinic patients.
Following a public hearing the Board granted the first two requests but denied the request for the apothecary. The doctors filed a complaint under C.R.C.P. 106 in the district court alleging that the Board had abused its discretion, exceeded its authority, and acted in an unlawful and unreasonable manner in not granting the request for the apothecary. The court reversed the ruling on the Board on this issue and entered judgment ordering that a use variance be granted for the apothecary. It is from this judgment that the Board appeals.
The Board contends that the court erred in holding that the Board could consider only sworn testimony in arriving at its decision. We agree.
A hearing before a Board of Adjustment should be conducted in an orderly manner but need not strictly conform to the rules of procedure and evidence necessary in a judicial proceeding. While this particular question does not appear to have been raised previously in Colorado, it is generally recognized that proceedings in zoning matters are informal, the strict rules of evidence need not apply, and the basic requirement is that the principals of fundamental fairness be observed. Parsons v. Board of Zoning Appeals, 140 *402 Conn. 290, 99 A.2d 149. Other jurisdictions have held that in the absence of a statutory requirement that witnesses be sworn, it is not error for an administrative body to hear testimony from unsworn witnesses. East Camelback Homeowners Ass'n v. Arizona Foundation for Neurology and Psychiatry, 18 Ariz.App. 121, 500 P.2d 906; Bowling Club v. Toronto, 17 Utah 2d 5,403 P.2d 651.
The record indicates that all parties were given an opportunity to be heard. The Board is not required to disregard the opinions and feelings expressed by neighbors and residents because they were not put under oath. In so holding we note that the city zoning ordinance does not require that witnesses be placed under oath at a public hearing. It would have been proper for the Board to have permitted only sworn testimony, but it did not err in failing to do so.
Even if all the opposition testimony were disregarded we would still be compelled to uphold the ruling of the Board. The applicants had the burden of proving that the variance would avoid unnecessary hardship or was reasonably necessary for the convenience or welfare of the public. This is the standard required by the zoning ordinance, Monte Vista Ordinance 431, V § 5(d)(e), and is within the statutory powers of the Board of Adjustment. Section 30-28-118, C.R.S.1973 (C.R.S.1963, 106-2-17(2)(c)). See Levy v. Board of Adjustment, 149 Colo. 493, 369 P.2d 991. The doctors presented considerable evidence of the need to expand the clinic facilities to meet their needs and those of the community. There was evidence of the hardships and inconveniences endured by patients as well as by the clinic personnel in the existing quarters. However, in regard to the apothecary, the most that can be said from the evidence is that there was a showing that it would be a convenience for some of the clinic patients. Therefore, the doctors failed to meet their burden of proof that they were entitled to consideration for a variance for the apothecary.
As another basis for reversing the Board, the district court concluded that the Board erred in going beyond the record in its findings relative to services offered to the community by the existing drug stores. There is uncontradicted evidence that there are other drug stores in the community, and there was no showing that the needs of the community were not being met by these existing outlets. However, we agree that the Board erred in going beyond the record in its findings relative to the detailed operations of the other drug stores and in its finding concerning the competitive relationship that would develop between the proposed outlet and the existing ones. Nevertheless, the failure of the applicants to meet their burden of proof is conclusive as to the outcome of this case, and the elimination of the improper findings would not require a different result.
The court also erred in concluding that the Board abused its discretion in denying the variance for an apothecary while granting the variance for the enlargement of the clinic facilities. The application for variance was divided into three separate requests, and, since the apothecary was to have been located in the existing facility and not in the expansion area the request for the apothecary had little, if anything, to do with the request for additional space. The additional space was needed regardless of whether the apothecary was permitted. The Board had the authority under the zoning ordinances to hold as it did. It was not inconsistent nor an abuse of discretion to have granted the expansion of an existing non-conforming use and yet deny the establishment of a new retail commercial business in an R-1 zone.
The courts may not substitute their judgment for that of the Board or disturb an exercise of the Board's discretion in zoning matters unless such discretion is *403 clearly abused, and we find no such abuse in this case. See Board of County Commissioners of Jefferson County v. Simmons, 177 Colo. 347, 494 P.2d 85; Madis v. Higginson, 164 Colo. 320, 434 P.2d 705; Nelson v. Farr, 143 Colo. 423, 354 P.2d 163.
The judgment is reversed and the cause is remanded with directions to reinstate the order of the Board of Adjustment.
BERMAN and VanCISE, JJ., concur.