Argued and submitted July 1, affirmed July 31, 1991

## James E. DeFRIES,
*Appellant,*

*v.*

## Peter Anthony POST,
*Respondent.*

(CV 89-0962; CA A67018)

815 P2d 224

Alan Gallagher, La Grande, argued the cause for appellant. On the brief were Wade P. Bettis, Jr., and Bettis & Ricker, P.C., La Grande.

Bruce L. Mowery, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, Joseph, Chief Judge,* and Deits, Judge.

RICHARDSON, P. J.

---

* Joseph, C. J., *vice* Newman, J.

## RICHARDSON, P. J.

Plaintiff appeals a judgment for defendant in this action arising out of the collision of their vehicles. The judgment was based on the jury's finding that plaintiff's comparative fault exceeded defendant's. Plaintiff's sole assignment is that the court erred by allowing a police officer, who was called in to investigate the day after the accident, to give expert testimony about the speed at which plaintiff was driving before the accident.

Plaintiff relies on *Thomas v. Dad's Root Beer, Etc.,* 225 Or 166, 356 P2d 418, 357 P2d 418 (1960), and *Bailey v. Rhodes, Adm.,* 202 Or 511, 276 P2d 713 (1954), for the proposition that an officer who was not a witness to an accident may not be permitted to testify about vehicular speed or similar facts about the accident. Defendant argues that neither that proposition nor those cases survive the enactment of OEC 702 and OEC 703 or the decision in *State v. Stringer,* 292 Or 388, 639 P2d 1264 (1982).

In *Stringer,* the court held that certain expert "accident reconstruction" evidence was admissible. It expressly stated that the admissibility of such evidence is not dependent on the expert having witnessed the accident or, as some other jurisdictions have held, on there being no other eyewitness:

> "[W]e are of the opinion that to restrict the use of experts who did not witness the accident to instances in which no eye witnesses are available is a distinction which unnecessarily clutters the law of evidence. If such expert testimony has probative value it should be admitted." 292 Or at 394.

Plaintiff nevertheless argues that the proposition that he ascribes to *Thomas v. Dad's Root Beer, Etc., supra,* and *Bailey v. Rhodes, Adm., supra,*[1] remains viable, and that *Stringer* discussed those cases but did not overrule them. It is correct that *Stringer* does not *expressly* overrule *Thomas* or *Bailey.* However, what *Stringer* says is diametrically opposed to what plaintiff understands *Thomas* and *Bailey* to say about

---

[1] There is some question about whether that proposition is broader than what the cases hold. As the court noted in *Stringer,* 292 Or at 391, n 1, the officers in *Thomas* and *Bailey* were not qualified as experts; the witnesses in *Stringer* and this case were.

the ability of an officer to testify as an expert regarding an accident that he did not witness. Assuming plaintiff's understanding of the two earlier cases to be correct, the fact that *Stringer* does not say that it overrules them does not end the inquiry and is, in fact, inconsequential. There are many decisions that are at odds with earlier decisions of the same courts, but that do not mention the word "overrule." *See, e.g., Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983). It is the substance of what the later case says that matters, not whether it says overtly that earlier conflicting decisions are no longer precedential.[2]

The trial court did not err by admitting the testimony, over plaintiff's objection, that the officer was not a witness to the accident. Plaintiff also argues that the testimony should have been excluded on various grounds pertaining to the foundation for the witness' opinion and the data on which it was based.[3] We have considered that argument and conclude that all of plaintiff's points relate to the weight of the evidence rather than to its admissibility. The evidence was admissible under OEC 702 and OEC 703.

Affirmed.

---

[2] *Cf.,* Pirsig, *Zen and the Art of Motorcycle Maintenance,* 142 (1974) (it is not the fact that an abandoned church building is being used as a tavern but the fact that it was abandoned as a church that desanctifies it).

[3] Plaintiff states that the witness "may or may not have been an expert for the purpose of the opinion he was requested to give." However, he does not directly question that the witness was qualified as an expert and was recognized as such by the trial court. His challenges are to the foundation for the testimony, not to the qualifications of the witness.