Argued and submitted December 4, 1996, reversed and remanded for further proceedings October 15, 1997

In the Matter of Bernard Harrison Neal,
Alleged to be a Mentally Retarded Person.

## STATE OF OREGON,
*Respondent,*

*v.*

## BERNARD HARRISON NEAL,
*Appellant.*

(95C-10772; CA A88466)

946 P2d 367

Steven H. Gorham argued the cause and filed the brief for appellant.

Sharon Schooley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Appellant is a 51-year-old male who has been eligible for and has received state mental health services since he was an infant on account of mental retardation and bipolar affective disorder. Most recently, he has been a resident at the Fairview Training Center since 1989, where he was placed on transfer from the Eastern Oregon Psychiatric Center. His commitment to Fairview was originally voluntary, and, upon expiration of his last commitment order, Fairview determined pursuant to ORS 427.020 that his commitment should continue. Appellant now objects to his recommitment. The state initiated this involuntary recommitment proceeding pursuant to ORS 427.235 to ORS 427.285. Appellant appeals from the trial court's judgment recommitting him to the Mental Health Division, contending that two errors occurred during the proceeding that preclude a finding by clear and convincing evidence that he is retarded within the meaning of ORS 427.020 and therefore subject to involuntary recommitment. We review the record *de novo*, *State v. O'Neill*, 274 Or 59, 545 P2d 97 (1976), and reverse and remand.

To commit a person involuntarily because of mental retardation, the court must find, by clear and convincing evidence,

1.  A significantly subaverage general intellectual functioning;

2.  a concurrent deficit in adaptive behavior;

3.  that those two deficiencies were first manifested in the time period before the 18th birthday; and

4.  that because of the intellectual and adaptive deficiencies, the person is either dangerous to himself or others or unable to care for his or her personal needs. ORS 427.005(12); ORS 427.290.

When a petition for commitment or recommitment is from a state training center, the training center is required to investigate and report to the court concerning the alleged need for commitment. ORS 427.235. The report must be submitted to the court before any commitment hearing for the

court's determination of whether probable cause exists for a hearing. If the court concludes that there is probable cause to believe that the person is mentally retarded, then a hearing must be held and, pursuant to ORS 427.285,

> "[t]he investigator and other appropriate persons or professionals as necessary shall appear at the hearing and present the evidence. The allegedly mentally retarded person shall have the right to cross-examine all witnesses, the investigator and the representative." (Emphasis supplied.)

The record in this case shows that appellant's court-appointed counsel orchestrated the hearing. The evidence consisted of the state's investigative report, which had previously been certified to the court pursuant to ORS 427.235(4) and offered into evidence by appellant's court-appointed counsel, and the unsworn testimony of four witnesses, including appellant. Appellant's counsel called each of the witnesses. Moss, a qualified mental retardation specialist, concurred in the investigation report. Cragder, whose expertise was not audible on the tape, testified that there are no community release programs able to accept appellant, until he completes a sex offender program. Appellant testified that he thinks that he is sometimes dangerous, but that he does not think he is mentally retarded. He testified that he would not mind staying at Fairview, but that he does not want to live at Cascade Cottage, the sex offender cottage, any longer, because the living there is quite restricted, and he wants to acquire some social skills. Appellant also testified that he feels angry when he is at Cascade Cottage and said that if the judge has no power to move him from Cascade Cottage, he wants to be released from Fairview.

The person who prepared the investigative report supporting recommitment was not present at the hearing. Appellant's counsel at hearing raised no objection at the hearing to the absence of the investigator or to the fact that the testimony of the witnesses was unsworn. On appeal, appellant contends that the unsworn testimony is not evidence in support of recommitment[1] and that the absence of

---

[1] The state concedes that the Oregon Rules of Evidence are applicable to recommitment proceedings and that OEC Rule 603 requires that testimony be sworn. It also concedes that some of the unsworn testimony must be relied on to

the investigator is a fatal defect. Because we agree with the second contention and reverse and remand the case on that ground, we do not address the contention concerning the unsworn testimony.

■ The absence of the investigator who prepared the investigative report is a legal error, apparent on the face of the record, ORAP 5.45(2); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380-82, 823 P2d 956 (1991), and because of the gravity of the error, we exercise our discretion to review it. *Ailes*, 312 Or at 382 n 6. The state concedes that ORS 427.285 requires the presence of the investigator at the hearing but contends that the investigator's presence is not a prerequisite to the admissibility of the investigative report. The report was already before the court and according to the state establishes the need for recommitment, along with the witnesses' testimony. Although the admissibility of the report itself may not depend on the presence of the investigator, ORS 427.285 unequivocally requires the presence at the hearing of the investigator who prepared the report so that the allegedly mentally retarded person has an opportunity for cross-examination. The statute provides that the "allegedly mentally retarded person shall have the right to cross-examine all witnesses, the investigator and the representative." Contrary to the state's view, the rule is not merely evidentiary. It sets forth a significant procedural safeguard for the alleged mentally retarded person, akin to the procedural safeguards set forth in ORS 427.265 with regard to the right of the allegedly mentally retarded person to be advised by the court of the nature of the proceedings and the right to counsel. *See State v. Allison*, 129 Or App 47, 877 P2d 660 (1994). The right to have the investigator present for cross-examination cannot be waived by the allegedly mentally retarded person's failure to object at the hearing. *Compare* ORS 426.095(4)(d)(C).[2] The error requires reversal of the recommitment order and remand for further proceedings.

Reversed and remanded for further proceedings.

---

make the findings necessary to support recommitment, but it argues that appellant's failure to object to that procedural irregularity at trial waived the argument. *Thomas v. Dad's Root Beer, etc.*, 225 Or 166, 172, 356 P2d 418, 357 P2d 418 (1960).

[2] The testimony of the other witnesses who were not investigators does not substitute for that of the investigator who prepared the report.